LeSUEUR, Judge.
William O’Brien was fatally injured on the street in front of the Chapel of Our Lady of Perpetual Help on the evening of January 26, 1965. He was on his way to a novena. He was on foot, crossing Prytan-ia at the time of the accident. Mrs. O’Brien, who was driving the family car had deposited him only moments before on the River curbing roughly across Prytania from the Chapel entrance. She did not, however, see the accident. At some point in his crossing, Mr. O’Brien was struck by a Police tactical patrol vehicle manned by Officers Evans and Delsa of the New Orleans Police. Evans was driving. It was dark and was poorly lighted.
Following his death, Mr. O’Brien’s widow and son sued for wrongful death joining as defendants, Officers Evans, the City of New Orleans and their insurers. The action was tried and resulted in a judgment for the defendants. The plaintiffs have appealed.
A synthesis of the Officers’ testimony is that as they moved downtown on Prytania and into the Prytania-Third Street intersection, they both noted the figure of Mr. O’Brien moving across the street and the flash of brake lights on the O’Brien vehicle as Mrs. O’Brien was parking the vehicle on the River side of Prytania Street. Fearing that she, too, might exit into the street, Evans swerved a bit to the left.
Both Evans and Delsa testified that Mr. O’Brien was entirely across the downtown lane in which they were driving and well into the uptown lane when, without warning, he turned and headed to the River curbing, bringing himself suddenly into the patrol car’s line of movement.
Evans threw on his brakes and swerved left to avoid impact but O’Brien, who had been looking at a book or similar object in his hands spotted the car and jumped back in the same direction that Evans had swerved. He was caught squarely by the left front bumper, knocked onto the hood and then to the street. He died on February 18, 1965.
*354 There is no negligence by Evans in this structuring of the accident; it is not inherently incredible; and it was clearly accepted by the trial judge. Under ordinary circumstances the manifest error rule would foreclose further review.
Here, however, the plaintiffs have presented expert testimony which with other physical evidence demonstrates fairly that the time, distance, speed, and movement sequences described by Evans and Delsa are not, as matter of physics, precisely probable or even feasible. Like the trial judge, we are not impressed by this showing.
Counsel for the plaintiffs cross-examined the officers in an attempt to get precise estimates of the distances, speeds, angles of deflection and time sequences involved. Requiring such testimony is not essentially unfair, but it must be recognized for what it usually is — a patchwork of guesses, estimates and after-the-fact interpolations. We cannot hold that a witness who cooperates by giving this kind of testimony is to be discredited merely because his computations lie slightly off the line of mechanical precision.
These considerations are determinative of the case at bar. The sequence of events ran only moments and took place on a dark street. We see nothing in the distance and miscalculations of Evans and Delsa which, as a matter of manifest error, would require that the trial court reject their testimony.
That testimony will not support a conclusion of negligence. See Soileau v. New Hamp., La.App., 160 So.2d 793.
For these reasons the judgment appealed is affirmed.
Affirmed.