ELLIS, Judge.
This is a suit by plaintiffs Sherman L. Brown and Mrs. Alma Vallery Brown against defendant Carl J. LeBeau for the wrongful death of their son, Herman L. Brown, who died when struck by defendant’s automobile. From an adverse judgment, plaintiffs have appealed.
The only witnesses to the accident were the defendant, the deceased, and Charles Boudreaux, who was walking next to Brown when the accident happened.
Boudreaux testified that he and Brown were walking along the shoulder of the highway with their backs to traffic. He said that Brown was about 18 inches off of the travelled portion of the highway when he was struck from the rear by defendant’s automobile.
The trooper who investigated the accident testified that Boudreaux said that he was walking about one foot off the pavement, and that Brown was to his left. This, of necessity, would place the deceased on the travelled portion of the highway when he was struck.
The defendant testified he was driving about 50 miles per hour. It was dark and he was blinded by the headlights of several oncoming automobiles. He stated that he removed his foot from the accelerator, and fixed his eyes on the broken white line in the center of the highway so as not to be completely blinded. He was certain that his automobile did not leave the pavement at any time. He never did see Herman Brown, and did not know what he had hit when he struck him.
The trooper was unable to find any physical evidence to fix the point of impact. Plaintiff Sherman Brown testified that he found an aluminum headlight rim and some broken glass on the shoulder of the road the next morning, but was unable to say that it came from defendant’s automobile.
The evidence further shows that Herman Brown had dark skin and hair and was wearing dark clothes on the night of the accident. The same was true of Charles Boudreaux.
The trial judge, in his written opinion, stated that Boudreaux was an unconvincing witness, and that he did not believe his testimony. He found that the preponderance of the evidence was to the effect that the deceased was on the paved surface of the highway when he was struck, and that his own negligence in walking on the highway with his back to traffic was the cause of the accident.
In view of the foregoing findings, in which we concur, the negligence of Her *570 man Brown is evident. He was in violation of R.S. 32:216(B), which provides as follows:
“Where sidewalks are not provided, any pedestrian walking along and upon a highway shall, when practicable, walk only on the left side of the highway or its shoulder, facing traffic which may approach from the opposite direction.”
Under the rule of Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962), he is negligent per se, and since the accident which happened was the very thing which the statute was intended to prevent, this negligence was a legal or proximate cause of the accident.
Plaintiffs rely on the presumption that “the deceased exercised due care under the circumstances, in conformity with the instinct of self-preservation and the love of life.” Gant v. Aetna Casualty & Surety Company, 234 So.2d 776 (La.App. 1 Cir. 1970). This presumption places the burden of proving the negligence or contributory negligence of a deceased on the defendant, and must yield to the evidence. In this case, we have found that defendant has shown the negligence of Herman Brown.
Plaintiffs’ claim that the doctrine of last clear chance applies in this case is without merit. The evidence does not reveal that LeBeau saw or should have seen Brown prior to the accident, or that Brown could not have extricated himself from his position of peril. The evidence does reflect that he was warned of the approaching LeBeau vehicle by Charles Boudreaux.
We have already found that Herman Brown’s negligence in walking on the highway with his back to traffic in violation of R.S. 32:216(B) was a proximate cause of the accident.
The judgment appealed from is affirmed, at plaintiffs’ cost.
Affirmed.