BAILES, Judge.
Plaintiff, individually and as tutrix of her two children, brings this tort action to recover damages for the alleged wrongful death of her husband, Curtis Joseph Plaisance. The defendant is Mrs. Helen R. Smith, driver of the automobile which struck and killed Mr. Plaisance. After trial on the merits, the court a quo rejected the demands of the plaintiff and dismissed the action. From this adverse judgment plaintiff appealed. We find the judgment is correct and, accordingly, we affirm.
For a cause of action, plaintiff alleges that while her deceased husband was walking in the grass in a northerly direction on the right side of Louisiana Street well off of the roadway of said street for traffic proceeding in a northerly direction, he was suddenly and without any warning, at about 7:52 p. m. struck violently by an automobile owned and driven by defendant in a northerly direction on said Louisiana Street in Westwego, Louisiana.
Appellant contends that her husband was free from negligence as he was walking in the grass and well off the northbound roadway and that the entire cause of the accident and consequences thereof was the negligence of the defendant.
It is alleged that the negligence of defendant consisted, in part, of the following, to-wit:
“a. In failing to keep a proper lookout;
“b. In failing to have her automobile under proper control;
“c. In driving said automobile in impaired physical condition;
“d. In driving at an excessive rate of speed under the circumstances, to-wit it was a very dark evening;
“e. In running over onto the grass verge of the roadway and striking plaintiff’s husband;
“f. In not seeing what she should have seen and could have seen, to-wit, plaintiff’s husband walking on the grass beyond the roadway in which she was traveling;
“g. In failing to blow the horn on her car;
“h. In driving in a reckless and careless manner in utter, wanton disregard of the safety and property of others.”
It appears that the decedent, Mr. Plaisance, accompanied by his wife, the plaintiff, was driving his automobile in a southerly direction on Louisiana Street in West-wego, Louisiana, on Sunday evening, September 22, 1968, at about 8:00 p. m. when one of the tires of his vehicle became flat and the hub cap became detached from the wheel. He stopped his car in the right lane of the two-lane street, there being insufficient shoulder area for parking purposes, got out and proceeded in the direction from which he had come in search for the hub cap. He was last seen about ISO feet north of his stopped vehicle, walking on the right side of the street in a northerly direction by a passing motorist immedi *157 ately prior to having been struck by defendant’s vehicle. Defendant’s vehicle was traveling in a northerly direction on the east side of the street.
The accident occurred on Louisiana Street, described in the accident report as an 18 feet wide asphalt street which runs north and south. The area, at the time of the accident was dark and the road was dry. From the investigation conducted by an officer of the Westwego Police Department, as shown by the accident report admitted in evidence by agreement of counsel, it was found that the defendant’s vehicle stopped 29 feet 4 inches past the point of impact and that the decedent’s body was found partly on the paved portion and partly on the shoulder of the street. From the photographs taken on the night of the accident, there was grass on the shoulder of the street extending to the pavement.
The defendant testified she never saw Mr. Plaisance. She further testified that upon feeling the impact she immediately stopped her car, got out and for the first time saw the decedent lying on the side of the street, and that prior to feeling the impact she was driving 25 to 30 mph. Upon applying the brakes her Cadillac sedan skidded to a stop across both lanes of traffic of the street perpendicular to her direction of travel.
The following testimony of Mrs. Smith, the defendant, is pertinent:
“Q * * * Will you in your own words tell the court what happened when you approached — when you passed the railroad tracks in the vicinity of Fourth and Louisiana Avenue in Westwego ?
“A. Well, * * * and its very dark on that street. I never saw anything until I heard a thud against my car and there were some oncoming lights in front of me. That’s all I saw.

Ü

“Q. Now when did you see those oncoming lights ?
“A. Well, I can’t say how many feet in front of me that I saw the lights but I know there was a car coming in the opposite direction.
“Q. Was this before the impact or after the impact?
“A. It was before.
(( * * *
“Q. What were you doing while you were driving?
“A. Watching the road in front of me.
“Q. Did you see anything out of the ordinary on this road ?
“A. No.
“Q. Were you distracted in any way?
“A. No, sir.
“Q. While you were driving?
“A. No, sir.”
Defendant was accompanied by her sixteen year old daughter who disclaimed any knowledge whatever of the accident. She explained that she was not attentive to the road or to the operation of the automobile as she was tuning the car radio.
Mr. Francois J. Carne, Jr., a printer and part-time taxi cab driver, testified that he was driving his cab in a southerly direction on Louisiana Street immediately prior to the accident; that as he approached the rear of the Plaisance vehicle which was stopped in his lane he saw Mr. Plaisance walking on the road toward the river (north), that when he saw Plaisance he (Carne) was about fifty feet from him, that because of an oncoming car he was required to stop behind the Plaisance vehicle until it passed, and that as he pulled to his left to proceed south around the parked Plaisance vehicle he heard an impact. (The witness described it as a Bang). Upon hearing the impact Mr. Carne pulled *158 in front of the Plaisance vehicle, got out of his taxi cab and ran back to the scene of the accident where he found Mr. Plaisance lying partly on the pavement and partly on the shoulder of the street. While he testified he also heard the braking of the defendant’s car he was unable to state which he heard first. On closer questioning, this witness was unable to be positive of where Mr. Plaisance was walking on the road. He stated it appeared to him that decedent was walking on the edge of the pavement, pretty close to the grass.
Photographs of the scene of the accident and of the defendant’s vehicle referred to above were taken by a Jefferson Parish Deputy Sheriff. These photographs were also admitted in evidence by agreement of counsel.
The photograph of defendant’s vehicle shows slight damage on the right front fender above the headlight, a broken radio aerial and scuff marks in the dust on the hood and fender.
Another of the photographs shows the outline of the position of the body of decedent after the accident and also shows heavily imprinted tire marks on the street, one of which passes through the outline position of the body.
The photographer’s testimony, in part, is the following:
“Q. Now on Plaintiff-6 there appeared to be some tire marks. Did you look at those tire marks ?
“A. Yes, sir.
“Q. Do they appear to be from the Cadillac ?
“A. Yes, sir, they do.
“Q. Now those tire marks are all on the roadway of the highway, are they not ?
“A. Yes, sir.
“Q. In fact, they are right where a car would normally be traveling in the right lane going toward the river, would it not ?
“A. Yes, sir, where they started, yes, sir.”
The trial judge’s reasons for judgment are brief and concise, which we quote as follows:
“This is a suit by the widow and surviving children of decedent who was killed while walking on Louisiana Avenue in search of a hubcap which had rolled off of his wheel. Decedent was killed by an automobile travelling in the same direction in which he was walking. The Court finds no negligence proven which would establish liability on the part of the defendant.
“This regretable accident occurred on a very dark street and there is some proof that defendant’s vision was interfered with by headlights of oncoming traffic just prior to the accident.
“The ruling in the case of Sherman L. Brown and Alma V. Brown v. Carl J. LeBeau, [La.App.,] 250 So.2d 568, indicates contributory negligence on the part of decedent for the manner in which he was walking on said highway. In view of my finding that no negligence was proven, it is not necessary to go into the question of contributory negligence.”
From the evidence before us we find there is no ground for dispute that the area where this fatality occurred was dark, that the defendant was not driving at an excessive speed under the circumstances, that she stopped her vehicle within a distance of less than 30 feet of the point of impact, that defendant’s vision was momentarily impaired by the lights of an oncoming vehicle and that the deceased, Mr. Plaisance, was walking on the right side of the paved portion of Louisiana Street immediately prior to the accident, that there were no sidewalks provided at this location on either side of Louisiana Street, and that the decedent was walking on his right side of the street in violation of LSA-R.S. *159 32:216(B). Further that defendant’s vehicle was being operated in its proper traffic lane at the time Mr. Plaisance was struck and killed.
We find that Mr. Plaisance in walking on his right side of the street was in violation of LSA-R.S. 32:216(B) which states:
“Where sidewalks are not provided, any pedestrian walking along and upon a highway shall, when practicable, walk only on the left side of the highway or its shoulder, facing traffic which may approach from the opposite direction.”
The Supreme Court in Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962) stated:
“[6] The statute (referring to LSA-R.S. 32:241 (A) and 32:442) was designed to protect life and property on the highways. It is a safety measure. The violation of its provisions is negligence per se, and this negligence is actionable if it was a legal cause of the collision.”
Under the authority of this quoted case, we find Mr. Plaisance was guilty of negligence per se in walking on Louisiana Street in violation of LSA-R.S. 32.-216(B) quoted above. This is one of the types of accident this statute was designed to prevent. In addition, we find this negligence was a legal cause of the accident. See: Brown v. LeBeau, La.App., 250 So.2d 568 (1971).
There is no need for us to consider the alleged negligence of defendant on our finding that the decedent’s negligent conduct, as stated above, was a legal cause of the accident.
Plaintiff argues that, even though we should find contributory negligence on the part of the decedent, defendant had the last clear chance to avoid the accident.
Under the particular facts surrounding this accident we find the defendant did not have the last clear chance to avoid striking Mr. Plaisance.
The plaintiff has not sustained the burden of proving defendant guilty of negligence in failing to see the decedent in the perilous position on the travelled portion of the street.
We find no manifest error in the ruling of the trial court.
The judgment appealed from is affirmed at appellant’s cost.
Affirmed.