BAILES, Judge.
This is a tort action arising from an accident involving a pedestrian and a passenger car. Plaintiff-appellant, the pedestrian, seeks recovery of damages resulting from personal injuries caused by the alleged negligent operation of the vehicle by one of the defendants. The trial court rejected the demands of the plaintiff and from this adverse judgment he appealed. Finding that the judgment of the trial court is correct, we affirm.
The accident occurred in a river bound traffic lane of Canal Street about 150 feet from the intersection of South Peters and Canal Streets on the river side of the intersection, at about 10:00 on the morning of June 17, 1968. The weather was clear and the street was dry.
Immediately prior to the accident the plaintiff was walking in the direction of the river on the uptown sidewalk of Canal Street.
At this time, the defendant who was driving a small foreign car in the direction of the river was stopped on Canal Street on the lake side of the said intersection of South Peters and Canal Streets waiting for the traffic control light to change from red to green. The defendant occupied the traffic lane next to the sidewalk on which plaintiff was walking and continued to drive in that traffic lane until the accident occurred. There were cars also occupying the center and neutral ground traffic lanes. All three river bound traffic lanes continued to be occupied up to the time of the accident.
The evidence shows that at this point on Canal Street there are three river bound traffic lanes between the neutral ground and the sidewalk. The lane next to the sidewalk is 12'10" wide and each of the other two lanes is 114" wide.
In his testimony, plaintiff relates that as he reached a point on the river side of the said intersection approximately even with the place of the accident, he decided to cross Canal Street for the purpose of getting something to eat at an establishment on the downtown side. He stated he looked back at the intersection of South Peters and Canal Streets whereupon he saw traffic on Canal Street stopped for the traffic light. At this time he started walking across the river bound traffic lanes to reach the neutral ground. When the plaintiff, according to his testimony, reached the center of the middle river bound traffic lane he realized that the light had changed to green at the intersection and that he couldn’t make it safely to the neutral ground. At this time, he stated he turned around and was “kind of running a little to try to get to the curb * * * ” and was hit by the defendant’s vehicle. He testified the cars were about 75 feet from him when he turned to retreat to the sidewalk. He disclaims any sight of defendant’s vehicle until he was near the curb and for that reason was unable to estimate the speed of that car.
Defendant, Joseph Dugas, testified that from his stopped position at the intersection he had seen plaintiff walking on the sidewalk, saw him leave the sidewalk and *909 proceed to walk at an angle toward the neutral ground. He stated that he saw plaintiff walk across his traffic lane and that when he was about 25 feet from him plaintiff suddenly turned around and ran back toward the sidewalk. At this time Mr. Dugas estimated his speed to be 20 to 25 mph. Upon seeing this movement of plaintiff he put on his brakes in an effort to keep from striking him.
Mr. Raymond Nance, the driver of the vehicle which occupied the lane next to the neutral ground stated when he first saw plaintiff, the plaintiff was in about the middle of the street; that the plaintiff turned around and ran back toward the curb. He fixed the distance between his vehicle and the plaintiff at 25 to 30 feet.
The driver of the vehicle in the middle lane did not stop.
Our consideration of the testimony of the witnesses leads us to conclude these facts:
That the plaintiff had walked to about the middle of the middle river bound lane of Canal Street when he realized that the traffic light at the intersection of South Peters and Canal Streets had changed to green; that because of overtaking traffic he was not going to be able to reach a place of safety on the neutral ground, and that he should turn around and retreat to the sidewalk from whence he had come. At this point, in place and time, plaintiff turned around and ran for the sidewalk. The proof is that when he retreated toward the sidewalk the cars were about 25 feet from him although plaintiff himself fixes the distance at about 75 feet. The defendant driver immediately put on his brakes but was unable to avoid hitting the plaintiff who by this time was eight to ten feet from the curb.
We find this accident was caused solely and proximately by the negligence of the plaintiff in attempting to cross Canal Street outside a crosswalk and not at an intersection. Such action is in violation of LSA-R.S. 32:213 which provides:
“A. Every pedestrian crossing a roadway at any point other than within a marked cross walk or within an unmarked cross walk at an intersection shall yield the right of way to all vehicles upon the roadway.
“B. Between adjacent intersections at which traffic-control signals are in operation pedestrians shall not cross at any place except in a marked cross walk.”
This action of plaintiff is what the statute (R.S. 32:213) was designed to prevent. This violation of the provisions thereof is negligence per se which will, in this case, preclude recovery by plaintiff. See Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962); and Brown v. LeBeau, La.App., 250 So.2d 568 (1971).
Plaintiff contends the accident and resulting injuries to him were caused solely by the negligence of defendant, Joseph Du-gas; or alternatively that if plaintiff was in any way negligent, then defendant had the last clear chance to avoid the accident.
There is no showing that the doctrine of last clear chance or discovered peril is applicable to the particular facts of this case. In fact, the opposite situation clearly prevails. The plaintiff was walking away from and had reached a point on the street that his forward movements in no way involved defendant’s vehicle, when suddenly plaintiff turned around and ran into the path of defendant’s vehicle. Defendant was powerless to avoid striking him or to have averted the accident. See: O’Brien v. City of New Orleans, La.App., 243 So. 2d 352 (1971).
*910 For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.
REDMANN, J., concurs with written reasons.