CHEHARDY, Judge.
Donald Monroe Ober filed suit for injuries allegedly sustained while he was an inmate of Jefferson Parish Correctional Center on March 27, 1979. He asserts that he was sexually molested and raped by three other inmates over a three-hour period while the guard on duty watched. He named as defendants the State of Louisiana, through the Louisiana Department of Corrections; the Jefferson Parish Sheriff’s Office; the Jefferson Parish Corrections Center; and Andrew George as sheriff of Jefferson Parish.
The State of Louisiana was dismissed from the suit on an exception of no cause of action from which Ober did not appeal. Subsequently the Jefferson Parish Sheriff’s *535 Office, the Jefferson Parish Corrections Center and Andrew George also filed an exception of no cause of action, which was upheld by the district court. Plaintiff has appealed from the judgment maintaining this second exception.
On appeal, Ober concedes that the Jefferson Parish Sheriff’s Office and the Jefferson Parish Corrections Center are not legal entities capable of being sued. He also admits that Andrew George was incorrectly made a defendant because George had not yet taken office as sheriff at the time of the incident made the basis of the suit. Ober contends, however, that his petition otherwise states a cause of action and he should be allowed leave to amend his petition to name as defendant Alwynn Cronvich, who was sheriff at the time in question.
Under LSA-C.C.P. art. 931, no evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action; the exception is triable solely on the face of the petition and any annexed documents. Article 931 thus limits the availability of such an objection as a vehicle for affirmative defenses to those which are disclosed by the petition itself. Haskins v. Clary, 346 So.2d 193 (La.1977).
We find the exception was properly maintained based on the allegations of the petition, for these allegations were insufficient to state a cause of action against these defendants.
The only facts alleged in Ober’s petition are the following: that on or about March 27, 1979, the petitioner was placed in the Jefferson Parish Correctional Center; that as petitioner had recently been in a hospital and did not feel physically capable of taking care of himself, he asked for protection but was denied same; that petitioner was placed in a cell with ten other inmates; that on the second night of his detention, from approximately 6 p.m. until 9 p.m., petitioner was sexually molested and raped by three unknown inmates in his cell while the guard on duty watched; and that petitioner was taken to the prison hospital, where he received treatment for this attack.
Although Ober alleges “negligence and derelection of duty on the part of the defendants,” he alleges no facts to establish any legal relationship between the prison guard and the defendants under which he could establish vicarious liability on the part of the defendants. Nor does he allege any facts under which he could prove defendants to be independently liable. In addition, in order for a criminal sheriff to be required to respond to allegations that he is responsible for the wrongful action of a deputy, the petition must allege that the deputy’s act was committed while he was performing an official duty and must have resulted from the wrongful manner in which such official duty was performed. Andry v. Parish of Orleans, 309 So.2d 814 (La.App. 4th Cir.1975). See also, Foster v. Hampton, 352 So.2d 197 (La.1977); Nielson v. Jefferson Parish Sheriff’s Office, 242 So.2d 91 (La.App. 4th Cir.1970).
These defects, however, may be cured by amendment or supplementation of plaintiff’s petition. Pursuant to the mandate of LSA-C.C.P. art. 934, therefore, we remand the case and order the trial court to allow plaintiff time within which to amend his petition.
For the foregoing reasons, the judgment of the district court is affirmed insofar as it maintained the exception of no cause of action; it is reversed insofar as it failed to allow plaintiff leave to amend his petition; and the case is remanded for further proceedings consistent with this opinion. Assessment of costs for this appeal is to await final determination of the lawsuit.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.