GRISBAUM, Judge.
This is a negligence matter regarding Highway 51, which is under the jurisdiction of the State of Louisiana, Department of Transportation and Development. From that part of the judgment which dismissed the plaintiffs’ action against the Department of Transportation and Development, the plaintiffs, Robert Keller and Terry Thomas, appeal. We affirm.
The sole issue is whether the trial court erred in finding there was a defect in the road shoulders of Highway 51, which defect was not the cause of the automobile accident in which the plaintiffs were injured.
On January 25, 1980, a three-vehicle accident occurred on Highway 51 which injured four persons, including the appellants, Robert Keller and one of his guest passengers, Terry Thomas. It is undisputed that the Department of Transportation and Development is responsible for the upkeep and maintenance of this road which is a two-lane, north-south state highway connecting US Highway 61 (Airline Highway) with the I — 10 system running between New Orleans and Baton Rouge.
Robert Keller and two guest passengers were proceeding north towards the I — 10 system when they noticed an automobile in front of them stop short. The highway was slick from a continuing drizzle, and Wayne Forsythe lost control of his car which slid across the center line of the highway, encroaching on the opposite lane of travel by approximately one foot. A large tractor-trailer loaded with over one ton of bricks was simultaneously proceeding from the I — 10 cutoff to LaPlaee, and as the driver, Oscar Kennedy, approached Forsythe’s vehicle, he observed it had crossed the center line, but he, nevertheless, was unable to avoid the collision. Upon hitting the Forsythe vehicle, the front wheels of Kennedy’s truck jammed, and he did not have enough time to apply emergency brakes, according to his testimony. Consequently, the weight of his heavily-loaded truck caused the vehicle to plow forward into the north-bound lane. The truck slid approximately 20 feet in this direction and then collided with the stopped *1317 Keller pickup truck. The impact of the second collision caused both vehicles to roll down a ten-foot enbankment before coming to rest, with the load of bricks falling on top of the Keller vehicle. The plaintiffs who are appealing herein were injured in this second collision.
The plaintiffs contend the road shoulder of Highway 51 is so narrow that Oscar Kennedy could not steer his vehicle off the road so as to avoid striking the Forsythe vehicle, which had crossed the center line. In holding in favor of the Department, the trial court stated in its reasons for judgment that Highway 51 was defective and maintained by the Department below minimum standards; however, the court found this condition was not a proximate cause of the accident. The Department answered the plaintiffs’ appeal and assigned as error the finding by the trial judge that the highway was “defective and below minimum standards.”
We will focus our deliberation on whether the condition of the highway was a cause in fact of the accident thereby constituting a legal cause of the injuries and resulting damage. Therefore, we need not determine whether the highway was defective. The legal cause of an accident is defined as a substantial factor in bringing about the harm. Rome v. State Farm Mutual Auto Insurance Company, 439 So.2d 1253 (La.App. 5th Cir.1983).
While Louisiana jurisprudence imposes a duty on the Department to provide road shoulders which allow for safe gradual movement between the roadway and the shoulder, the duty to maintain reasonably safe shoulders extends only to the protection of those people who may be placed forseeably in danger by the unreasonably dangerous condition. Sinitiere v. Lavergne, 391 So.2d 821 (La.1980); Hopkins v. Department of Highways, 167 So.2d 441 (La.App. 1st Cir.1964). From a review of the testimony, we find the plaintiffs were not injured as a result of any danger presented by the condition of Highway 51 but, rather, were injured because Kennedy did not have enough time to steer clear of the Forsythe vehicle.
The record reflects Oscar Kennedy testified at trial that three or four seconds transpired from the time he saw the For-sythe vehicle cross the center line of the highway until the time of the collision. He stated the first thing he did when he saw the vehicle cross the center was, “I tried to cut the wheel to the right.” In addition, he stated:
... When I hit, I was still trying to cut it to the right, but my wheel was locked under the frame of the truck and it kept pulling it to the left.
Kennedy stated the reason he did not avoid hitting the Forsythe vehicle was “there was nowhere to go out there.”
Nevertheless, Kennedy admitted that he did not know exactly what would have happened had there been a broader shoulder adjacent to Highway 51. Specifically, he stated at trial, that “I don’t know if that [a broader shoulder] would have avoided the wreck or not”. In addition, from his deposition taken December 10, 1980, the trial court could reasonably have concluded that Kennedy hit the Forsythe vehicle because he did not have time to pull away from the center line of the highway rather than because the shoulder was not wide enough for him to use as an escape from the accident. Moreover, several witnesses at trial stated it was a matter of merely one to three seconds between the time the For-sythe vehicle came to rest at its position slightly crossing the center line of the highway and the time of the collision, indicating Kennedy did not have time to steer his vehicle onto the shoulder of the highway. Therefore, we find the plaintiffs have failed to prove the State’s omission to maintain the shoulder of the road was a substantial factor in bringing about the accident, and the plaintiffs have failed in their burden of proving causation.
The defendant, in answering the plaintiffs’ appeal, assigned as error the trial court’s failure to maintain its exception of prescription. This assignment of error is without merit.
*1318 Accordingly, we affirm the trial court’s judgment dismissing the plaintiffs’ appeal; all costs of this appeal are to be assessed against the plaintiffs.
AFFIRMED.
BOWES, J., concurs with written reasons.