471 So.2d 1053 (1985)
In re Gene R. NORTON Applying for Adoption of Ashley Nicole Enlow.
No. 85 CA 0186.
Court of Appeal of Louisiana, First Circuit.
June 25, 1985.
*1054 Lee Herrington, Baton Rouge, for plaintiff-appellant Gene R. Norton.
Macallynn J. Achee, Baton Rouge, for defendant-appellee James Bradley Enlow.
Before COLE, CARTER and LANIER, JJ.
CARTER, Judge.
This is an appeal from a judgment sustaining a peremptory exception pleading the objection of no right of action filed on behalf of appellee, James Bradley Enlow, dismissing with prejudice the petition of appellant, Gene R. Norton, for the adoption of Ashley Nicole Enlow.[1]

FACTS
Appellant, Gene R. Norton, filed a petition for the adoption of Ashley Nicole Enlow. Appellant is married to Ashley's natural mother, Diane Vicknair Enlow Norton. Appellee, James Bradley Enlow, is Ashley's natural father.
James Enlow and Diane Norton were granted a judgment of separation on August 16, 1982, in East Baton Rouge Parish. That judgment also awarded sole custody of Ashley to Mrs. Norton and ordered Mr. Enlow to pay $175.00 per month in child support, payable on the 1st and 15th of each month. Mr. Enlow remained current on his child support payments until May 2, 1983. This payment was for $87.50, representing child support for the first half of May.
On May 24, 1983, a judgment of divorce was rendered between the parties. On that day, the trial judge took the matters of custody, child support and visitation under advisement. Judgment was rendered on those matters on May 26, 1983, and signed on June 29, 1983. Although the new judgment called for child support payments to commence on July 1, 1983, the court's order of support was no different than the August 16, 1982 judgment. In addition, the new court order granted the natural parents joint custody.
*1055 Appellant filed this petition for adoption on May 24, 1984. A check in the amount of $2,100.00, representing past due child support payments, was written by Mr. Enlow on June 18, 1984, and received by Mrs. Norton on or about June 21, 1984. Through counsel, Mrs. Norton refused to cash the check and returned it to Mr. Enlow. Mr. Enlow filed an intervention in the adoption proceeding in the form of an exception of no right and no cause of action on August 21, 1984. A hearing on the exception was conducted on September 13, 1984. The exception of no right of action was sustained, and appellant's petition for adoption was dismissed with prejudice.

SPECIFICATIONS OF ERROR
Appellant, Gene R. Norton, submits that the trial court erred in two respects:
1. In failing to consider the period of time prior to the judgment of divorce, as well as the post-divorce time period, in calculating the one year period of non-support required by LSA-R.S. 9:422.1 to dispense with the necessary consent of the other legitimate parent to the adoption of the child; and
2. In strictly interpreting "court order of support" in LSA-R.S. 9:422.1(1) to mean the "court order of support" in conjunction with the divorce only.

ANALYSIS
We deem it unnecessary to address the specifications of error assigned by appellant since we find that the trial court erred in sustaining the peremptory exception of no right of action.
The natural father, Mr. Enlow, filed an "Exception of No Right and No Cause of Action." There is in Louisiana law no single exception of no right and/or cause of action. There are three exceptions recognized in the Louisiana Code of Civil Procedure: declinatory, dilatory and peremptory. No right of action and no cause of action are two of the objections that can be asserted in a peremptory exception. LSA-C. C.P. art. 927 (4) and (5); Gustin v. Shows, 377 So.2d 1325 (La.App. 1st Cir.1979).
The peremptory exception pleading the objection of no cause of action raises the issue of whether the law grants a remedy to anyone for the particular grievance set forth by the plaintiff. Gustin v. Shows, supra; Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (La.1972); Bamber Contractors, Inc. v. Henderson Bros., Inc., 345 So.2d 1212 (La.App. 1st Cir.1977).
In instances where there is a remedy to certain persons for the particular grievance alleged, the peremptory exception pleading the objection of no right of action raises the question of whether the plaintiff belongs to that particular class to which the law grants a remedy. Gustin, supra; Babineaux, supra; Bamber, supra.
In other words, the objection of no right of action questions whether a plaintiff has any interest in judicially enforcing the right asserted. LSA-C.C.P. art. 927 (5); Lavigne v. Sara, Inc., 424 So.2d 273 (La.App. 1st Cir.1982); Edwards v. Superior Coach Sales, Inc., 417 So.2d 1289 (La.App. 1st Cir.1982), writ denied, 422 So.2d 423 (La. 1982).
When the objection of no cause of action is raised, all the pleadings of the plaintiff's petition are accepted as true and no evidence is admissible to support or defeat the exception. If the evidence has incorrectly been admitted in connection with another exception tried at the same time, such evidence cannot be considered for purposes of considering the objection of no cause of action. LSA-C.C.P. art. 931. Gustin, supra. Evidence supporting or controverting an objection of no right of action is admissible, but the objection of no right of action cannot be used simply because there may be a valid defense to the proceeding. Gustin, supra.
Due to the time frame of the operable facts in the case sub judice, the applicable law is set forth in LSA-R.S. 9:422.1 as it existed prior to being amended by Acts 1984, No. 799, § 1. That statute read, in pertinent part:

*1056 If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child then the consent of the other legitimate parent is not necessary when the spouse of the petitioner, or the grandparent or grandparents, or the mother or the father has been granted custody of the child by a court of competent jurisdiction, and if any one of the following conditions exist:
(1) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year.
The 1982 judgment of separation awarded sole custody of the child to the child's mother. Appellant is the husband of the natural mother of the child that he is petitioning to adopt. Therefore, petitioner, as the spouse of the legitimate parent of the child who had previously been awarded custody of same, clearly has a right of action under LSA-R.S. 9:422.1.[2] Therefore, it was inappropriate and error to sustain the peremptory exception pleading the objection of no right of action.
For the above and foregoing reasons, the judgment sustaining the peremptory exception pleading the objection of no right of action and dismissing the petition with prejudice is reversed. The matter is remanded to the lower court for additional proceedings consistent with the views expressed herein. Costs of this appeal are to be assessed against intervenor-exceptor, Enlow. All other costs shall be assessed in a final judgment on the merits.
REVERSED AND REMANDED.
NOTES
[1] In oral reasons for judgment, the trial judge overruled the exception of no cause of action and sustained the exception of no right of action. However, the formal judgment only reflects the trial court sustaining the no right of action and is silent as to his disposition on the exception of no cause of action. No issue has been raised with respect to the failure of the trial judge to render a formal judgment on the no cause of action. Therefore, the only issue before this court is whether the exception of no right of action was properly sustained.
[2] Mr. Enlow, the natural father of the child, placed considerable emphasis on the fact that subsequent to the judgment of divorce, the judgment of the court awarded joint custody to Mr. Enlow and Mrs. Diane Norton, with child support in the amount of $175.00 per month payable in two equal monthly installments of $87.50 payable on the 1st and 15th of each month commencing July 1, 1983. LSA-R.S. 9:422.1 does not require that the spouse of the petitioner be the sole custodian of the child sought to be adopted, but only requires that the spouse of the petitioner has been granted custody of the child by a court of competent jurisdiction and there has been a failure or refusal to comply with a court order of support for a period of one year. Although Mr. Enlow contends that both sole custody and failure or refusal to comply with a court order must be one court order and not a combination of court orders, both of these issues go to the merits of the case and are inappropriate to be resolved by an objection of no right of action.