493 So.2d 112 (1986)
Hameda Ismail Tentawy, Widow of Abdel SHAFOUK NOR EL DIN HAMZA et al.
v.
Blair S. BOURGEOIS, et al.
No. 85-CA-734.
Court of Appeal of Louisiana, Fifth Circuit.
June 2, 1986.
Rehearing Denied September 17, 1986.
*114 Jarrel E. Godfrey, Jr., Janet L. Daley, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, for plaintiffs-appellants Ismail Tentawy, et al.
Joseph McMahon, Jr., New Orleans, for defendant-appellee Blair S. Bourgeois.
J. Wayne Anderson, Monroe & Lemann, New Orleans, for defendant-appellee La. Power & Light Co.
Norman L. Sisson, Sharon F. Lyles, Randall J. Cashio, Baton Rouge, for defendant-appellee State of La., Dept. of Transp. and Development.
Laurence E. Larmann, Hailey, McNamara, Hall, Larmann & Papale, Metairie, for defendants-appellees Police Jury of St. John the Baptist Parish & Home Indem. Co.
Before KLIEBERT and WICKER, JJ., NACCARI, J. Pro Tem.
KLIEBERT, Judge.
This wrongful death action arises out of an accident which occurred near Garyville, La. The decedent, Abdel Shafouk Nor El Din Hamza (Shafouk), a citizen of Egypt, was struck and killed by a vehicle owned and operated by Blair S. Bourgeois. The decedent's widow, individually and on behalf of his minor children, and his employer, Sea Tankers Overseas, Ltd., filed a petition in tort against: Bourgeois; his insurer, Dairyland Insurance Company; the Louisiana Department of Transportation and Development (DOTD); the St. John the Baptist Parish Police Jury (Police Jury); its insurer, Home Indemnity Company; and Louisiana Power & Light Company (LP & L).
In their original petition plaintiffs alleged that the legal proximate cause of the accident was the combined negligence, recklessness, inattention and want of care on the part of Bourgeois, the DOTD, the Police Jury and LP & L. By supplemental and amending petition, the plaintiffs added strict liability claims against the DOTD, the *115 Police Jury, its insurer, and LP & L. All defendants answered with general denials, filed cross claims against each other and asserted various defenses, including victim fault. On March 21, 1985, LP & L's peremptory exceptions of no cause of action and no right of action were maintained and the plaintiffs' petition, as supplemented and amended, was dismissed as against LP & L. Plaintiffs' claims against the DOTD, the Police Jury, and the Home Indemnity Company were later dismissed on motions for summary judgment. Plaintiffs perfected this suspensive appeal from the judgments dismissing their claims against LP & L, the DOTD, the Police Jury and Home Indemnity Company. On appeal plaintiffs contend the trial judge erred in maintaining LP & L's exceptions and in granting the DOTD and the Police Jury's motion for summary judgment. We do not agree and hence affirm.
As between the appellants and the appellees (the operator of the vehicle, Bourgeois, is not a party to this appeal) the facts leading up to and of the accident are virtually undisputed and are as follows:
Shafouk and Ioannis Kokkinos were seamen aboard the M/V Buena Ventura, a vessel of Liberian registry owned by Sea Tankers Overseas, Ltd., which was docked at Marathon Oil Terminal in Garyville, Louisiana, on July 4, 1982.[1] Shortly after midnight, Shafouk and Kokkinos left the vessel and walked to a seamen's club approximately two miles downriver on Louisiana Highway 44 (River Road). On their way back to the ship at approximately 3:30 A.M., the two men walked westward on the right-hand side of Highway 44, facing away from the flow of traffic. Shafouk stopped to urinate while Kokkinos continued walking. There is some controversy as to whether Shafouk was standing on the shoulder or in the roadway. Kokkinos heard a sound and turned in time to see Shafouk's body flying through the air. Shafouk had been struck by a van owned and being operated by Blair S. Bourgeois, a resident of St. James Parish. Bourgeois was travelling westbound in the right-hand lane of Highway 44 at the time of the accident. Shafouk died at the scene as a result of injuries from the accident. With those facts in mind, we consider first the exceptions and then the motions for summary judgment.

LP & L'S EXCEPTIONS
In their original petition plaintiffs alleged LP & L was negligent in failing to provide an adequate amount of lighting in the area and in failing to maintain those lights already installed by failing to change one or more burned out bulbs. By supplemental and amending petition, plaintiffs alleged that LP & L was strictly liable for the accident in that:
(1) The lighting for Highway 44 was in the care and custody of LP & L;
(2) The lighting conditions posed such a danger to pedestrians, to whom a duty to protect was legally owed, that it constituted a vice or defect in the highway;
(3) The existence of the conditions amounted to a breach of the duty owed; and
(4) The lighting conditions were a cause-in-fact of the victim's death.
In support of its exceptions, LP & L argues that the mere allegation one or more lights in the area were not operating or the lighting was inadequate did not state a cause of action or a right of action against the utility company because it was not alleged Shafouk was a customer of the utility company or that there was a privity of contract between the two. LP & L argues that in the absence of an allegation of a contractual obligation between it and Shafouk or an allegation Shafouk was a customer, no cause or right of action was stated by the petition, for if there was no contractual obligation the utility company owed Shafouk no duty for the breach of which his heirs could maintain an action ex delicto.
*116 Plaintiffs argue that a cause of action for wrongful death as a result of the combined negligence of all the named defendants was stated and that privity of contract need not be alleged. They contend it was only necessary to show the possibility of such liablity to be entitled to trial on the merits. However, the trial judge, without assigning written reasons, maintained the exceptions of no cause of action and no right of action and dismissed LP & L from the suit.
The peremptory exception of no cause of action raises the issue of whether any remedy is afforded by law for the particular grievance set forth by the plaintiffs. In Re Norton, 471 So.2d 1053 (La. App. 1st Cir.1985); Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985). In instances where the law grants a remedy to certain persons for the particular grievance alleged, the peremptory exception of no right of action raises the question of whether the plaintiff belongs to the particular class to which the law grants a remedy. In Re Norton, supra; Northwest Insurance Company v. Carpenters District Council of New Orleans and Vicinity, 470 So.2d 218 (La.App. 4th Cir. 1985). When there is no cause of action, it follows no one has a right of action.
The purpose of the exception of no cause of action is to test the legal sufficiency of the pleadings. Well pleaded facts, as alleged in the petition, are taken as true, and if any reasonable construction of the facts could lead to possible legal recovery, the exception must be overruled. Robinson, supra. The exception is triable solely on the face of the petition and any annexed documents. LSA-C.C.P. Article 931; Ober v. State, through La. Dept. of Corrections, 424 So.2d 533 (La.App. 5th Cir.1982). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action;[2] it is only when the allegations of the petition establish that no relief can be granted under the law that the exception can be maintained. Robinson, supra; Ober, supra.
Pretermitting the questions of whether the electric lights in the area were operating at the time of the accident and whether their operation vel non was a cause-in-fact of the accident, we have focused our deliberation on whether the facts as alleged in plaintiffs' petition articulate some general rule or principle of law, either statutory or jurisprudential, imposing on LP & L a legal duty to guard the decedent against the particular risk incurred, for in the absence of duty there can be no liability. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972). In doing so, we found the exceptions were properly maintained because the allegations of the petition do not state a cause of action against LP & L. In the absence of a cause of action the issues relative to the exception of no right of action are moot.
Although the plaintiffs allege the conclusions that LP & L is answerable in negligence and/or is strictly liable for Shafouk's death, they have alleged no facts which establish a legal relationship between Shafouk and LP & L such that LP & L could be held liable for his death, either under a duty-risk analysis pursuant to the provisions of C.C. Article 2315 or under a strict liability theory pursuant to the provisions of C.C. Articles 2317 etc. and the jurisprudence formed thereunder. Plaintiffs have not alleged that a contractual obligation existed between Shafouk, a citizen of Egypt, and LP & L, a Louisiana corporation, regarding the provision of street lighting.[3] Although St. John the Baptist Parish contracted with LP & L to install and maintain street lighting along Highway 44, the duty to supply street lighting did not extend to anyone other *117 than the parties to the contract.[4] See Allen & Currey Mfg. Co. v. Shreveport Waterworks Co., 113 La. 1091, 37 So. 980 (1905). As stated in German Alliance Insurance Company v. Home Water Supply Co., 226 U.S. 220, 229, 33 S.Ct. 32, 34, 57 L.Ed. 195 (1912):
"... the majority of American courts hold that the taxpayer has no direct interest in such agreements, and therefore cannot sue ex contractu. Neither can he sue in tort, because, in the absence of a contract obligation to him, the water company owes him no duty for the breach of which he can maintain an action ex delicto."
There is no authority to support a claim that LP & L is required to provide street lighting as part of its general "public utility service." Thousands of miles of Louisiana highways do not have street lighting, and even if a light were put on every utility pole, it would still be possible for a pedestrian to be "between" lights at any given moment. That is one of the reasons for requiring vehicles to use headlights after dark.
The failure of LP & L to provide adequate street lighting was at most the deprivation of a benefit; it was not the violation of a duty. LP & L did not launch a force or instrument of harm. Hence, it was not negligent. Further, a cause of action under C.C. Article 2317 requires an allegation of custody of a thing, the condition of which created an unreasonable risk to the person to whom a duty was owed. As stated previously, plaintiffs have alleged no facts showing a contractual obligation by LP & L to provide street lighting for Shafouk. In the absence of a contractual obligation the failure to provide street lighting does not constitute actionable negligence or invoke strict liability, for there is no general duty to provide street lighting.
We next consider the motions for summary judgment.

MOTIONS FOR SUMMARY JUDGMENT
The essential elements of negligence under C.C. Article 2315 are (1) the defendant was a cause-in-fact of the plaintiff's harm; (2) a duty existed on the part of the defendant, which duty was imposed to protect against the particular harm involved; (3) violation of the duty owed; and (4) actual damages. Dixie Drive It Yourself v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962); Hill v. Lundin & Associates, Inc., supra; La.C.C. Article 2315. Under the strict liability theory formulated under La.C.C. Articles 2317 etc., for the plaintiff to recover from the DOTD he must show that the thing which caused the damage was (1) in the care or custody of the defendant; (2) it had a vice or defect which caused an unreasonable risk of injury to another; and (3) the injury complained of was caused by the vice or defect. Chiasson v. Whitney, 427 So.2d 470 (La. App. 5th Cir.1983), writs denied 433 So.2d 180; Shipp v. City of Alexandria, 395 So.2d 727 (La.1981).
Here the original petition against the DOTD alleges negligence as follows:
1. Failing to incorporate in the design of Highway 44 a proper and sufficient shoulder on the Mississippi River side of said Highway;
2. Failing to construct a proper shoulder which would allow pedestrians to walk thereon on the Mississippi River side of said Highway;
3. Designing and locating drainage ditches too close to both sides of said Highway 44;
4. Designing and constructing a highway with no pedestrian walkway on the Mississippi River side thereof, forcing pedestrians to walk on the opposite side of the road, thereby requiring that they walk with traffic rather than against the traffic;
5. Failing to provide adequate access to a sidewalk which is separated from the roadway by a deep ditch;

*118 6. Failing to maintain the sidewalk provided on the other side of the ditch in a proper condition so that it can be seen and/or used by pedestrians;
7. Failing to properly maintain the street lighting in that at the time of the accident the street lights in the area were not burning;
8. Failing to paint which (sic) stripes on the opposite sides of Highway 44 so as to delineate the vehicle driving portion of said Highway;
9. Failing to design on Highway 44 adequate pedestrian walk space on the Mississippi River side so that pedestrians could walk facing traffic when traveling in an upriver direction;
10. Failing to adequately mark a pedestrian walkway by painting lines across Highway 44 which would direct pedestrians coming from the Mississippi River levee across said Highway 44 to the sidewalk located on the east side of said Highway;
11. Failing to warn pedestrians in the area of the danger of walking on the east side of said Highway 44, thereby walking with their backs to traffic, and in failing to warn said pedestrians to use the sidewalk by placing adequate warning signs along said Highway 44.
By a supplemental and amending petition, the plaintiffs alleged the DOTD was strictly liable for Shafouk's death in that:
1. Highway 44 was in the care and custody of the DOTD;
2. The condition of said highway as set forth in [the original petition] poses such a danger to pedestrians to whom a duty to protect is legally owed, that it constitutes a vice or defect in said highway;
3. The existence of said condition amounted to a breach of the duty owed;
4. The defective condition of said highway was a cause-in-fact of the victim's death.
The DOTD answered with a general denial and further alleged that the sole proximate cause and/or legal fault of the accident was the negligence of Shafouk. In the alternative, the DOTD alleged that Shafouk was guilty of contributory negligence and/or assumption of the risk. The DOTD thereafter moved for summary judgment, which was granted without written reasons dismissing plaintiffs' suit with prejudice at their cost. Plaintiffs on appeal contend summary judgment should not have been granted because the following material facts were in dispute:
1. the location of Abdul Shafouk when he was struck by Blair Bourgeois;
2. the condition of both shoulders of the highway;
3. the condition of the grassy areas abutting the shoulders of the highway;
4. the lack of proper signs in relation to the type of road and its use;
5. the condition of the sidewalk along the non-riverside of the highway; and
6. the condition of the lighting along the highway.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file and affidavits show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law.[5] LSA-C.C.P. Art. 966; Kerwin v. Nu-way Const. Service, Inc., 451 So.2d 1193 (La.App. 5th Cir.1984), writ denied 457 So.2d 11. The burden of proof is on the mover to establish there are no genuine issues of material fact and this burden is a great one, as only when reasonable minds must inevitably concur is summary judgment warranted, and any doubts should be resolved in favor of trial on the *119 merits. Swindle v. Haughton Wood Co., Inc., 458 So.2d 992 (La.App. 2nd Cir.1984); American Bank & Trust Co. v. Sunbelt Environmental Systems, Inc., 451 So.2d 1111 (La.App. 1st Cir.1984).
According to the affidavit of Kokkinos, he and Shafouk "were on our way back to the vessel walking on the river road... Shafouk stopped to urinate on the side of the road. I kept walking for about 20 or 30 feet when I heard a sound and turned to see AB Shafouk's body flying in the air ... the truck that struck him was coming from behind ... The truck had headlights but did not stop."
While it appears there is some question as to whether Shafouk was on the shoulder or on the paved roadway when struck by Bourgeois' vehicle, his actual location is not a material issue of fact as regards the liability of DOTD. If Shafouk was standing on the shoulder of the road when struck the DOTD would be clearly entitled to be summarily dismissed from the action as a matter of law, for it was under no duty to protect Shafouk from the risk that a negligent driver might leave the roadway and strike him. The DOTD is not responsible for every accident which may occur on the state highways, nor is it a guarantor of the safety of travelers thereon. Craft v. Caldwell Parish Police Jury, 455 So.2d 1226 (La.App. 2nd Cir.1984); U.S.F. & G. Co. v. State, Dept. of Highways, 339 So.2d 780 (La.1976). If Shafouk was standing on the paved roadway for vehicles when struck, our deliberation must focus on whether conditions of the highway for which the DOTD was responsible was a cause-in-fact of the accident, thereby constituting a legal cause of of the injuries[6] and the resulting damages. Keller v. Forsythe, 467 So.2d 1315 (La.App. 5th Cir. 1985).
The DOTD is under no duty to warn pedestrians of so obvious and patent a danger as walking or standing in the roadway, nor to point to so simple a protection as using the shoulder or the sidewalk if one is available. See Darbonne v. Allstate Ins. Co., 357 So.2d 1269 (La.App. 3rd Cir.1978), writ denied 359 So.2d 622. Rather, a pedestrian is under a duty to exercise a greater degree of care when using the roadway as opposed to a sidewalk and the DOTD may assume that the pedestrian will exercise reasonable care when walking on the roadway. Martin v. City of Opelousas, 185 So.2d 223 (La.App. 3rd Cir.1966), writ denied 249 La. 383, 186 So.2d 630.
The affidavit of William Hickey, Assistant Road Engineer for the DOTD shows that the standards of the American Association State Highway and Transportation officials do not require the installation of sidewalks or street lights as an integral part of highway design, construction and maintenance. Moreover, it is apparent the cause-in-fact of the tragic accident was not defective lighting, shoulders or roadways, but rather, either Shafouk's negligence in standing on the travelled roadway to urinate or the negligence of the operator of the vehicle in leaving the roadway and striking Shafouk.
This accident would not have happened had Shafouk exercised reasonable care. In his affidavit, Kokkinos stated the Bourgeois vehicle had its headlights on. Bourgeois testified in deposition that he had his bright lights on. However, Shafouk failed to see the approaching vehicle, as he was walking on or near the roadway with his back to west-bound traffic in violation of LSA-R.S. 32:216, which provides as follows:
A. Where sidewalks are provided, it shall be unlawful for any pedestrian to walk along and upon an adjacent highway.
B. Where sidewalks are not provided, any pedestrian walking along and upon a highway shall, when practicable, walk only on the left side of the highway or its shoulder, facing traffic which may approach from the opposite direction. Acts 1962, No. 310, § 1.
*120 If there was a sidewalk running parallel to Highway 44, Shafouk should have used it. If there was no sidewalk, Shafouk should have walked on the left side of the highway or its shoulder facing the flow of traffic. Under identical circumstances in Brown v. LeBeau, 250 So.2d 568, 569, 570 (La.App. 1st Cir.1971) the court stated:
"the deceased was on the paved surface of the highway when it was struck, and... his own negligence in walking on the highway with his back to traffic was the cause of the accident ... He was in violation of R.S. 32:216(B), ...
Under the rule of Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962), he is negligent per se, and since the accident which happened was the very thing which the statute was intended to prevent, this negligence was a legal or proximate cause of the accident."
See also Plaisance v. Smith, 278 So.2d 155 (La.App. 4th Cir.1973).
Defendant LP & L admitted in response to interrogatories that it installed street lighting in the area of the accident at the request of the Police Jury and the Police Jury had in effect at the time of the accident a street lighting maintenance agreement with LP & L. Further, in their original and amending petitions plaintiffs acknowledged that at all applicable times the Police Jury owned and was responsible for the design, construction and maintenance of the sidewalks. Hence, custody of the sidewalks and lighting was in the Police Jury and not the DOTD.
Therefore, we find correct the trial judge's conclusion that summary judgment in favor of the DOTD was warranted. From the relevant facts, it is clear that the DOTD's conduct did not contribute to Shafouk's harm. "Whether the basis of liability be negligence or strict liability, the underlying reason for imposing the liability stems from traditional notions of blame worthiness or fault. See Kent v. Gulf States Utilities Company, 418 So.2d 493 (La.1982)." Robinson v. State, through Dept. of Transportation, 454 So.2d 257, at 262 (La.App. 1st Cir.1984). The DOTD was not a cause-in-fact of Shafouk's death.
We next consider the motion for summary judgment filed by the Police Jury.
In their original petition, plaintiffs alleged the following negligent acts and/or omissions on the part of the Police Jury:
1. Failing to maintain street lighting in that the bulbs in the area of the accident were burned out, or failing to provide adequate lighting;
2. Failing to properly maintain the sidewalks in allowing the grass to grow over them to the point a reasonable person would not have used them if he recognized them to be sidewalks;
3. Failing to maintain the sidewalks by allowing grass and weeds to grow to such a height on both sides of them that a reasonable person could not even see the sidewalks;
4. By allowing grass to grow on the sidewalks to such an extent that even when the grass was freshly mowed the visable (sic) concrete was so narrow a reasonable person would not have perceived the visable (sic) concrete to be a sidewalk;
5. By failing to repair cracks in and broken portions of concrete in the sidewalks so that they were so unsafe that a reasonable person would not have used them;
6. By locating the sidewalks on the opposite side of a deep ditch from the surface of Highway 44, thereby preventing access to said sidewalk.
By supplemental and amending petition the plaintiffs alleged that the Police Jury was strictly liable for Shafouk's death in that:
1. Highway 44 was in the care and custody of said Department;
2. The condition of said highway as set forth [in the original petition] poses such a danger to pedestrians to whom a duty to protect is legally owed, that it constitutes a vice or defect in said highway;

*121 3. The existence of said condition amounted to a breach of the duty owed;
4. The defective condition of said highway was a cause-in-fact of the victim's death.
The Police Jury answered with a general denial and averred that the sole proximate cause of the accident was the fault, negligence and want of care of Bourgeois, LP & L and the DOTD. Alternatively, the Police Jury averred that the sole proximate cause of the accident was the fault, negligence and want of care of Shafouk. Additionally and alternatively, it was averred that Shafouk assumed the risk of the accident. Summary judgment was granted in the Police Jury's favor without written reasons, dismissing plaintiffs' suit at their cost.
The plaintiffs contend that summary judgment was improper because there are numerous questions of material fact, including: (1) lighting conditions, (2) the location of Shafouk, and (3) the condition of the grassy area and sidewalk.
In the absence of a statutory or charter requirement that the Police Jury light the streets, parks, etc., of St. John the Baptist Parish, it is optional with it whether such be done. Trotter v. Town of Glenmora, 2 So.2d 510 (La.App. 3rd Cir.1941). Neither the St. John the Baptist Parish Home Rule Charter nor local ordinances require the Police Jury to maintain a lighting system on every street within its territorial limits. Thus, lights may be placed in parts of the parish and omitted in others without there being exposure to liability for damages to persons injured because of the absence of lights at a given place. Trotter, supra. Pretermitting the question as to whether street lights near milepost 42.7 of Highway 44 were burned out, the Police Jury had no duty to provide street lighting in the area. There can be no liability in the absence of duty. Hill v. Lundin & Associates, supra.
Shafouk's location at the time he was struck is not a material issue of fact as regards the liability of the Police Jury. As discussed previously, if Shafouk was standing on the shoulder of the highway when struck, the sole proximate cause of the accident was Bourgeois' failure to keep his vehicle on the roadway and possibly Shafouk's failure to keep a proper lookout. If Shafouk was on the roadway when struck, the sole proximate cause of the accident was the failure of Shafouk to exercise reasonable care for his own safety and possibly Bourgeois' failure to keep a proper lookout.
Although the Police Jury may have a duty to protect a pedestrian using the sidewalk from injury caused by defects therein, it has no duty to provide and/or maintain sidewalks to protect him from the risks involved in walking the roadway, particularly in a rural area as was involved here. Neither the absence of nor defects in the sidewalk or shoulder were legal causes for the victim's injuries. Further, the Police Jury had no duty to provide lights or sidewalks to protect the victim from the risk of walking on the roadway or from motorists operating their vehicles on the shoulder of the roadway; hence, no liability can be imposed on it. Thus, in our view, the trial judge was correct in granting the Police Jury's motion for summary judgment.
For the foregoing reasons, the rulings of the trial court are affirmed. All costs of the appeal are to be borne by the plaintiffs.
AFFIRMED.
NOTES
[1] Neither man spoke English. The captain of the M/V Buena Ventura translated for Kokkinos as he related the events for the investigating officers.
[2] However, once evidence is admitted without objection at trial of the exception, in deciding the validity of the exception, the pleadings are considered enlarged. Lemieux v. Prudential Ins. Co., 416 So.2d 1347 (La.App. 1st Cir.1982) writ denied 420 So.2d 454.
[3] Nor is there anything to suggest a stipulation pour autrui on behalf of Shafouk. See Allen, supra.
[4] A copy of the contract is included in the record on appeal. However, we have not considered it in addressing the present issue as it was not introduced at trial of the exception.
[5] The court of appeal is permitted to pierce the mere allegations in the pleadings and consider evidence on file in order to determine if summary judgment is appropriate. Williams v. Ingredient Technology Corp., 470 So.2d 283 (La. App. 5th Cir.1985).
[6] The legal cause of an accident is defined as a substantial factor in bringing about the harm. Rome v. State Farm Mutual Auto Ins. Co., 439 So.2d 1253 (La.App. 5th Cir.1983).