542 So.2d 117 (1989)
Walter BURDIS, Jr.,
v.
LAFOURCHE PARISH POLICE JURY and Louisiana Power and Light Company.
No. 88 CA 0204.
Court of Appeal of Louisiana, First Circuit.
April 11, 1989.
*118 Harold J. Lamy, Barker, Boudreaux, Lamy & Foley, New Orleans, for plaintiff-appellant Walter Burdis, Jr.
L. Thomas Styron, Adams & Reese, New Orleans, for defendant-appellee Lafourche Parish Police Jury.
Eugene Taggart, George Riess, Robert Rougelot, New Orleans, for defendant-appellee Louisiana Power and Light Co.
Before WATKINS, CRAIN and ALFORD, JJ.
WATKINS, Judge.
This is a devolutive appeal by plaintiff-appellant, Walter Burdis, Jr., from a judgment maintaining a peremptory exception of no cause of action dismissing plaintiff's suit against defendant-appellee, Louisiana Power and Light (LP & L) with prejudice. We affirm.

FACTS[1]
On August 21, 1986, at approximately 2:15 a.m., the plaintiff, Walter Burdis, Jr., was travelling on Parish Road # 17 in the Parish of Lafourche, when he encountered a curve in the road which he was unable to see. Consequently, Mr. Burdis failed to negotiate the curve and was injured when his motorcycle left the roadway, striking a metal tank several feet off the road. At the time of the accident a street light was located at the site of the accident; however, it was not functioning. Other than the street light, the curve was not marked or signed.
The plaintiff filed suit on June 16, 1987, against the Lafourche Parish Police Jury (Parish) and LP & L. In plaintiff's original petition he alleges that the accident was a result of the Parish's failure to properly sign or mark the roadway and LP & L's failure to properly maintain and repair the street light at the site of the accident. By supplemental and amending petition the plaintiff further alleges that the Parish contracted the lighting of this curve to LP & L and that LP & L, as an agent of the Parish, failed to fulfill the obligation owed to its principal to maintain the street light to warn motorists of the dangers on the highway. Thereafter, LP & L filed a peremptory exception of no cause of action arguing that neither the Parish nor LP & L had a duty to light the roadway in question, and thus there could be no cause of action based on negligence. The trial court maintained the exception dismissing plaintiff's suit against LP & L. Plaintiff appealed.

EXCEPTION OF NO CAUSE OF ACTION
The peremptory exception of no cause of action tests the legal sufficiency of the pleadings. When a petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action must be overruled. Miller v. McDonald's Corp., 439 So.2d 561 (La.App. 1st Cir.1983). In reviewing a judgment on an exception of no cause of action, an appellate court must accept all well pleaded allegations of the plaintiff as true. Every reasonable interpretation must be accorded its language in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence. Haskins v. Clary, 346 So.2d 193 (La.1977). Taking the well-pleaded factual allegations as true, the issue is whether the petition on its face presents a case which legally entitles plaintiff to redress.
We find that the allegations of the plaintiff's petition allege no facts which establish a legal relationship between plaintiff and LP & L such that LP & L could be held liable for his injury, either under a duty-risk analysis pursuant to the provisions of LSA-C.C. art. 2315 or under a strict liability theory pursuant to the provisions of LSA-C.C. arts. 2317, et seq. Furthermore, the plaintiff has not alleged that a contractual obligation existed between plaintiff and LP & L, nor is there anything to suggest *119 a stipulation pour autrui on behalf of plaintiff.

NEGLIGENCE
Whether or not the plaintiff has alleged a cause of action for negligence depends on whether the facts alleged, taken as true, prove the following elements:
(a) that the conduct of which he complains was a cause in fact of the harm;
(b) the existence of a duty on the part of the defendant which was imposed to protect against the risk involved;
(c) breach of that duty by the defendant; and
(d) actual damage to his person or property as a result of defendant's action or omission.
Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962).
Initially we note that there is no authority to support a cause of action for negligence against LP & L for its failure to provide street lighting. As set forth in Shafouk Nor El Din Hamza v. Bourgeois, 493 So.2d 112 (La.App. 5th Cir.), writ denied, 497 So.2d 1013 (La.1986), LP & L is not required to provide street lighting as part of its general "public utility service."[2] Without a duty there can be no liability.
We also conclude that plaintiff has failed to state a cause of action against LP & L based on the allegation that LP & L was the agent of the Parish. The plaintiff asserts that by contracting with the Parish to provide street lighting, LP & L became the agent of the Parish, and was delegated the Parish's responsibilities towards the public in regard to maintaining street lighting on Parish Road # 17.
In Canter v. Koehring Company, 283 So.2d 716 (La.1973), the Supreme Court addressed the issue of when and under what circumstances the officer, agent, or employee of an employer or principal is liable to a third person, when injuries caused to such third person result from the breach of a duty imposed by his employer or principal upon the officer, agent, or employee. Relying on the decision of Adams v. Fidelity and Casualty Co. of New York, 107 So.2d 496 (La.App. 1st Cir.1958), and its progeny, the Canter court set forth the following criteria necessary to hold an agent individually liable to a third person damaged solely by reason of the agent's breach of a duty owed to his principal:
1. The principal or employer owes a duty of care to the third person ... breach of which has caused the damage for which recovery is sought.
2. This duty is delegated by the principal or employer to the defendant.
3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.
4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its *120 non-performance or mal-performance and has nevertheless failed to cure the risk of harm.
Canter, supra at 721.
In order for LP & L to be liable to the plaintiff for his injuries we must find that the Parish had a duty to install and maintain the street light located at the site of the accident, and that this duty was delegated to LP & L.
The jurisprudence provides that a Parish has the duty to provide roads which are reasonably safe for public travel and to keep these public ways in such a condition that travelers who are prudent and ordinarily careful will not be exposed to injury, day or night. Pickens v. St. Tammany Parish Police Jury, 323 So.2d 430 (La. 1975). However, as correctly noted by the trial court in its oral reasons for judgment, "this duty has never been extended or broadened to mandate that a parish or other governmental entity provide lighting upon portions of its parish roadway system." In the absence of a statutory or charter requirement that the Police Jury light the streets, parks, etc., of Lafourche Parish, it is optional as to whether or not it should be done. Shafouk, supra, at 121. Without a duty upon the Parish to provide lighting as part of its responsibility in maintaining a reasonably safe place to travel, there can be no duty delegated by contract, or otherwise, to an entity such as LP & L. Accordingly, we find that the plaintiff has failed to state a cause of action against LP & L for negligence, either directly or based on agency theory. We need not address any other duties which the Parish may have had under the facts of the instant case.

STRICT LIABILITY
With regard to any strict liability based upon LSA-C.C. art. 2317, we quote with approval the following from Shafouk, supra, at 117:
The failure of LP & L to provide adequate street lighting was at most the deprivation of a benefit; it was not the violation of a duty. LP & L did not launch a force or instrument of harm. Hence, it was not negligent. Further, a cause of action under C.C. Article 2317 requires an allegation of custody of a thing, the condition of which created an unreasonable risk to the person to whom a duty was owed. As stated previously, plaintiffs have alleged no facts showing a contractual obligation by LP & L to provide street lighting for Shafouk. [Plaintiff's deceased husband.] In the absence of a contractual obligation the failure to provide street lighting does not constitute actionable negligence or invoke strict liability, for there is no general duty to provide street lighting. (Emphasis original.)
The reasoning in Shafouk applies with equal force to the instant case, as LP & L owed no duty, contractual or otherwise, to the plaintiff.

CONTRACT
We further find no facts in plaintiff's petition to support a cause of action in contract. The plaintiff was not a party to the contract, nor has he alleged facts which support the finding of a stipulation pour autrui in his favor. Although the Parish contracted with LP & L to install and maintain the lighting along Parish Road # 17, the duty to carry out this contract did not extend to anyone other than the parties to the contract. Shafouk, supra. See also Allen & Currey Mfg. Co. v. Shreveport Waterworks Co., 113 La. 1091, 37 So. 980 (1905), where the plaintiff, whose plant was destroyed by fire, sued Shreveport Waterworks for its failure to keep fire hydrants in good working order, as required by a contract which the Waterworks company entered into with the City of Shreveport. The court dismissed the plaintiff's suit, finding that the plaintiff had no cause of action against the Waterworks Company. The court in Allen concluded that the plaintiff had no cause of action in contract and that the contract between the city and the waterworks company did not contain a stipulation pour autrui.
We consider the contract between the Parish and LP & L to be for the benefit of *121 the Parish and any benefit ultimately received by plaintiff is a mere incident of the obligation owed to the Parish. Accordingly, we find that the plaintiff has stated no cause of action against LP & L.
For the reasons set forth above, the trial court judgment maintaining the defendant LP & L's exception of no cause of action is affirmed. All costs to be borne by the plaintiff-appellant.
AFFIRMED.
NOTES
[1] Because the plaintiff's suit was dismissed against LP & L on an exception of no cause of action, the facts taken from the plaintiff's original and supplemental petitions are stated in the light most favorable to the plaintiff.
[2] The plaintiff concedes in his brief that LP & L does not have a general duty to provide street lighting.