| .EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by Carrie Whitaker Caronna, plaintiff-appellant, from a summary judgment dismissing the State of Louisiana, through the Department of Transportation and Development, defendant-appellee, from this wrongful death action. For the following reasons we affirm that judgment.
The facts of the accident are as follows. On February 10, 1983, at about 7:20 PM, plaintiffs husband was killed when he was struck by an automobile driven by Barry Curry, on the two lane River Road in St. Charles Parish. Curry related the facts of the accident in his deposition. He said that he was driving along and suddenly noticed a person running down the road in his lane of travel. He said that this person was in dark clothes and was barefooted, and that the only reason he saw him was because of the white soles of his feet. He said that he moved over into the oncoming lane and flashed his high-beam lights a few times. However, a car was approaching in the oncoming lane so he had to move back into his proper lane. He was able to get around the running person, but as he pulled over into his lane he hit a second person whom he did not see until impact. He said that he was not yet completely back over into his lane when the accident occurred.
| oDuring the almost twenty years of this litigation plaintiffs claims against all parties were resolved except for those against the State through DOTD. The State moved for summary judgment and after a hearing of April 12, 2002, that motion was granted. Plaintiff now appeals that judgment.
*1060 Summary judgment is appropriate when there are no issues of material fact outstanding and when the moving party is entitled to judgment as a matter of law. The controlling law in this case is found in Shafouk Nor El Din Hamza v. Bourgeois, 493 So.2d 112 (La.App. 5th Cir.1986). The facts of these two cases are identical. There the decedent was walking on the same road as that involved in the present action, and was killed when struck by an automobile. In discussing the applicable law, the Shafouk court concluded that the legal cause of decedent’s accident was his walking at night on a traveled portion of the unlit highway with his back to traffic. While there was an alternative factual scenario for the accident, i.e. that Shafouk was on the shoulder of the road, the court pointed out that even were that the case, then the driver’s leaving the roadway and hitting him on the shoulder would have been the legal cause of the damages.
Here, the only evidence as to what happened is the deposition testimony of Barry who said that he had not yet gotten back into his proper lane after swerving into the oncoming lane to avoid the first pedestrian when he struck the decedent. Thus, the decedent must have been well into the traveled portion of the roadway when hit. There was thus nothing done or not done by the DOTD which was causally related to this accident. In this circumstance there is no legal theory which would render it liable for damages here, and summary judgment was therefore proper.
Plaintiff urges to the contrary that the DOTD had a duty to install a sidewalk or other place along the road for pedestrian traffic. However, it was undisputed |4that decedent could easily have walked in safety on the levee next to the road, but chose not to do so.
For the foregoing reasons the summary judgment in favor of State through DOTD dismissing plaintiffs suit against it is hereby affirmed.

AFFIRMED.