482 So.2d 30 (1986)
James M. LITOMISKY
v.
ST. CHARLES HIGH SCHOOL, et al.
No. 85-CA-464.
Court of Appeal of Louisiana, Fifth Circuit.
January 13, 1986.
Antin, Adams & Lorenz, Rainer Lorenz, Hammond, for James M. Litomisky, plaintiff-appellant.
Accardo, Edrington, Leblanc & Golden, William P. Golden, Jr., LaPlace, for St. Charles High School and C.J. Tastet, defendants-appellees.
Before CHEHARDY, KLIEBERT and DUFRESNE, JJ.
CHEHARDY, Judge.
James M. Litomisky appeals a judgment dismissing his lawsuit as to two of the defendants, St. Charles High School and C.J. Tastet. He asserts the trial judge erred (1) in finding that his petition failed to state a cause of action and (2) in failing to grant him an opportunity to amend the petition.
Litomisky's petition named as defendants St. Charles High School, C.J. Tastet (principal of the high school), ABC Insurance Co., Nathan Freeman and Billy Freeman. He alleged that St. Charles High School is the owner/operator of a football stadium located in Laplace in St. John the Baptist Parish and that C.J. Tastet is responsible for the day-to-day operation and care of the stadium. He alleged that ABC Insurance Company provided insurance coverage for the sort of damages sustained by plaintiff herein.
*31 The petition stated that on October 28, 1984 at approximately 4 p.m., while Litomisky was acting as referee in a football game being played in the stadium, Nathan Freeman approached him from behind and punched him in the face and that as a result Litomisky sustained a broken jaw and other injuries.
Litomisky alleged that St. Charles High School was negligent in "failing to properly and adequately investigate the lessors of its football stadium," "allowing alcoholic beverages to be served on its premises," and "allowing alcoholic beverages to be served on its premises without adequate crowd control personnel, procedures and facilities."
He alleged C.J. Tastet was negligent in "failing to properly investigate the background and experience of the lessors of the football stadium facility," "failing to provide and/or arrange for security and/or crowd control personnel," and "failing to properly supervise and/or oversee and/or monitor the activities of the lessor of the football stadium."
Litomisky alleged that Nathan Freeman was liable for "committing an assault and battery on petitioner without provocation."
He alleged that Billy Freeman was liable for "failing to provide adequate personnel for purposes of crowd control" and "for selling or arranging for the sale of alcoholic beverages when he knew or should have known that such sale would result in damages of the sort alleged in plaintiff's petition."
The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition; the exception is triable on the face of the papers and, for purposes of determining the issues raised by the exception, all well-pleaded facts in the petition must be accepted as true. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984). The general rule is that an exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless the plaintiff has no cause of action under any evidence admissible under the pleadings. Id.
The trial judge correctly concluded that the allegations here fail to state a cause of action as to the High School and Tastet. Plaintiff made no factual allegations to connect the alleged negligent acts of the High School and Tastet with the harm he suffered.
The question remains whether the trial judge should have granted plaintiff leave to amend his petition. LSA-C.C.P. art. 934 states that when the grounds of the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment; if the grounds of the objection cannot be so removed the action shall be dismissed.
Although the judgment did not specifically deny plaintiff leave to amend, in the reasons for judgment the judge implied that any amendment would be futile. To reach this conclusion the judge relied upon certain allegations that were not contained in the petition but that were argued by plaintiff in his memorandum in opposition to the exception. These apparently are the allegations plaintiff would have employed if allowed to amend his petition.
Thus, apparently plaintiff argued that the stadium was leased to Billy Freeman and/or the Laplace Community Recreational Center to be used for a football jamboree and that the High School and Tastet, as the lessor, had a duty to investigate the lessees, to provide security, and to oversee otherwise the ball game.
The trial judge concluded that because the game was promoted, sponsored, organized by and in control of a lessee, the defendants' duty did not encompass the risk that a spectator would assault a referee. Under these circumstances, the judge stated, the lessor has no duty to supervise and monitor the activities of the lessee. He also held that merely allowing alcoholic beverages to be served does not create a cause of action against the High School and Tastet. He remarked that the question of liability did not involve a defect in the premises.
*32 On appeal, however, Litomisky argues that the High School breached a duty to provide premises that were reasonably safe for use consistent with the purpose for which the premises were being used, in that the stadium facility allowed unfettered and unrestricted access to the playing field and its surrounding area by spectators of the event being sponsored. He asserts that the stadium was ill-suited for and not properly designed for conduct of a "football jamboree" where large numbers of spectators were in attendance, particularly when alcoholic beverages were to be served on the premises.
We conclude the trial judge correctly refused to allow plaintiff to amend his petition, although the arguments now made indicate plaintiff intends to allege defective premises. The decision as to whether the objection pleaded on the exception of no cause of action can be removed by amendment to the pleadings rests within the discretion of the trial court, which will not be disturbed absent a showing of manifest error or abuse of such discretion. Robinson v. Estate of Haynes, 433 So.2d 294 (La.App. 1st Cir.1983).
For the foregoing reasons the judgment is affirmed. Costs of this appeal are assessed against appellant.
AFFIRMED.