**David LeBLANC, et al.**

v.

**CHEVRON, U.S.A., INC., et al.**

**Civ. A. No. 89–1695.**

United States District Court,
E.D. Louisiana.

June 2, 1989.

Jennings Jones, Jr., Cameron, La., Frank E. Lemonie, Abbeville, La., for plaintiff.

James K. Irvin, New Orleans, La., for defendant.

## OPINON AND ORDER

BEER, District Judge.

Plaintiff's Motion to Remand was submitted to the court for a decision on the briefs.

### I. *Background*

Plaintiff was allegedly hurt on April 12, 1988 lifting a "super heavy beam" while working as a roustabout employed by Dynamic Offshore Contractors on a barge owned by Chevron.

He filed suit in the 17th Judicial District in the Parish of Lafourche against Chevron, a Pennsylvania corporation, Dolphin International and Dolphin Titan, Texas corporations, and Global X–Ray & Testing Corporation, ("Global") a Louisiana corporation. Chevron removed based upon di-

versity, alleging fraudulent joinder of Global. Plaintiff seeks remand.

### II. *Parties' Positions*

Plaintiff asserts that Global is a properly pleaded defendant and its presence in the suit destroys this court's diversity jurisdiction.

Chevron asserts both that Global was fraudulently joined, i.e., the state court petition fails to state a cause of action against Global, and that the claim against Global is "sham" because Global was not working for Chevron at the time of the incident. It argues that this court should disregard Global's citizenship, that the court has jurisdiction and remand is improper.

### III. *Law*

The right of removal is determined by the posture of the case at the time the petition for removal was filed. The removing party has the burden of proving federal jurisdiction. 28 U.S.C. sec. 1441.

In *B. Inc. v. Miller Brewing Co.,* 663 F.2d 545 (5th Cir.1981) the Fifth Circuit outlined the procedure and standards to be applied where defendant alleges fraudulent joinder. An allegation of fraudulent joinder will not stand unless the court finds that it is clear that there "is no possibility that plaintiff would be able to establish a cause of action against the in-state defendant in state court or that there has been outright fraud in plaintiff's pleadings of jurisdictional facts." *B. Inc. v. Miller Brewing Co.,* 663 F.2d 545; *Green v. Amerada Hess Corp.,* 707 F.2d 201 (5th Cir. 1983); *Tedder v. F.M.C. Corporation, et al.,* 590 F.2d 115 (5th Cir.1979).[1] The burden of persuasion is on the moving party and "is indeed a heavy one". *B., Inc.,* 663 F.2d at 549.

In support of their removal petition, the defendants may submit affidavits and deposition transcripts; and in support of their motion for remand, the plaintiff may submit affidavits and deposition transcripts

---

**1.** There is no allegation that there has been outright fraud in plaintiff's pleadings of jurisdictional facts.

along with the factual allegations contained in the verified complaint. The district court must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff. *B., Inc.*, 663 F.2d at 549 (cites omitted). The Fifth Circuit emphasizes that "district courts must not 'pretry' substantive factual issues in order to answer the discrete threshold question of whether the joinder of an in-state defendant is fraudulent." *Green* 707 F.2d at 204 (citing *B., Inc.*, 663 F.2d at 546).

IV. *Analysis*

In its state court petition, plaintiff mentions Global only in paragraph V. Plaintiff pleads that the accident

... was caused by the fault or negligence of Chevron, its agents, servants and employees, Global X–Ray and Testing Corporation, its agents, servants and employees ... as follows, to wit:

1) Strict liability under Civil Code Articles 2317 and 2322 ...

2) Negligence in failing to furnish a safe work place.

3) Negligence in failing to furnish adequate supervision.

4) Negligence in failing to furnish adequate equipment.

To determine whether plaintiff might establish liability the court looks to the substantive law of Louisiana. Specifically, the court must determine "whether a Louisiana court would sustain an exception of no cause of action." *Chevron U.S.A. v. Aguillard*, 496 F.Supp. 1038 (M.D.La.1980). To find liability under Civil Code Art. 2317 and/or 2322 Louisiana requires that plaintiff allege *specific* facts which would support a claim of liability against the defendant. La.Code of Civ.Pro. Art. 854. *Litomisky v. St. Charles High School*, 482 So.2d 30 (La.App. 5th Cir.1986). Mere allegations of law are insufficient. *See e.g. Lott v. Haley*, 370 So.2d 521, 524 (La.1979).

In *Burdis v. Lafourche Parish Police Jury*, a recent Louisiana appellate decision, the court held:

The allegations of the plaintiff's petition allege no facts which establish a legal relationship between plaintiff and LP & L such that LP & L could be held liable for his injury, under either a duty-risk analysis pursuant to the provisions of LSA–C.C. art. 2315 or under a strict liability theory pursuant to the provisions of LSA–C.C. arts. 2317 *et seq.*

*Burdis*, 542 So.2d 117 (La.App. 1st Cir., 1989). That court determined that the pleadings must prove cause in fact, the existence of a duty to protect against the risk involved, breach of that duty and actual damage as a result. *Id.; See also e.g. Harris v. Pizza Hut of Louisiana Inc.*, 455 So.2d 1364 (La.1984).

In these pleadings there is no allegation of a duty, breach of a duty or any cause in fact relating to Global. Indeed, plaintiff fails to allege *any* facts in the pleadings. He states legal conclusions which, even if true, do not connect Global to the plaintiff. Thus, plaintiff's petition is insufficient to sustain a cause of action under a theory of strict liability and/or negligence in state court.

Furthermore, both the president of Global and an engineer from Chevron submit affidavits stating that Global was not working for Chevron at all and is not involved in any way in this incident. Although this court would resolve every ambiguity in favor of plaintiff, plaintiff did not avail himself of his opportunity to submit affidavits and depositions relating to Global's involvement with the alleged accident, and, therefore, presents no contested issue of fact to be resolved.

Defendant sustains its heavy burden to prove fraudulent joinder. Accordingly, this court DENIES plaintiffs' motion to remand.