442 So.2d 514 (1983)
Reinhard BAACH
v.
Glenn D. CLARK, Protective Casualty Ins. Company and State Farm Insurance Company.
Glenn D. CLARK
v.
Reinhard BAACH.
Nos. 83-CA-413, 83-CA-414.
Court of Appeal of Louisiana, Fifth Circuit.
November 9, 1983.
Rehearing Denied January 17, 1984.
Writ Denied March 23, 1984.
*515 Don A. Almerico, Norco, for plaintiff-appellant.
Adrianne L. Baumgartner, New Orleans, for plaintiff-appellant and defendant-appellant.
G. Walton Caire, Edgard, G.M. Pierson, Baton Rouge, E.P. Lobman, Metairie, for defendant-appellee.
Before BOWES, KLIEBERT, and DUFRESNE, JJ.
DUFRESNE, Judge.
This is an appeal on a consolidated matter involving claims for personal injuries as the result of a rear end automobile collision.
Reinhard Baach-appellant instituted a tort action against Glenn D. Clark-appellant, Clark's automobile liability insurer, Protective Casualty Insurance Company, and State Farm Mutual Automobile Insurance Company based on Baach's underinsured motorist coverage seeking recovery for personal injuries. Subsequently, Clark filed a similar tort suit against Baach; both lawsuits were consolidated for trial in the district court.
The judgment of the district court rendered in favor of Glenn Clark and against Reinhard Baach, found Baach's omission and acts of commission, constituted fault and were the cause in fact and legal cause of the rear end vehicular collision. The court further found that Clark in no way contributed to the accident. From this judgment, Baach perfected this appeal. We affirm.
The questions presented on appeal are:
1.) Whether Clark fulfilled his burden of proof required to exculpate himself from the presumption of negligence raised by a rear end collision.
2.) Whether the doctrine of sudden emergency should have been employed.
This automobile accident occurred on October 29, 1980, at approximately 6:00 A.M., on Louisiana Highway 61, a four lane expressway commonly referred to as Airline Highway within the community of LaPlace, Louisiana, Parish of St. John the Baptist. The weather condition that morning could be characterized as overcast with only early morning light and the hard surface of the highway was level and wet. The traffic *516 was moderate to heavy. Glenn Clark was driving his 1978 Toyota pick-up truck on La. 61 in an easterly direction in the right hand lane. Reinhard Baach was operating his 1967 Chevrolet pick-up truck in the same direction of travel immediately preceeding the Clark vehicle. Clark's vehicle was overtaking Baach's vehicle so he decided to change lanes to the left hand lane (inside lane closest to the median) to pass Baach. In the process of this maneuver, Clark's vehicle struck the Baach vehicle in the rear, causing personal injuries and property damage to both parties. The evidence relative to the aforementioned facts is uncontroverted. At trial and here on appeal, the facts surrounding the legal cause of the accident are disputed.
As an aid to exercise of the appellate function of a review of facts, the Supreme Court of Louisiana in Davis v. Owens, 368 So.2d 1052 at 1056 (La.1979) reiterated the following:
"In reviewing the questions of fact and conclusions of fact involved in this suit for damages, the Court of Appeal is mandated to leave undisturbed factual findings of the trial court based upon evidence which furnishes a reasonable factual basis for those findings, unless it finds manifest error. `Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable' Canter v. Koehring Company, 283 So.2d 716, 724 (La.1973). If, however, the appellate court concludes that the trial court's factual findings are clearly wrong, the mere fact that some record evidence appears which would furnish a reasonable factual basis for the contested findings does not require affirmance." Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The issue on appeal is the reason why Clark rear-ended Baach. There exists inconsistent testimony as to this factual determination. The significant difference is between the testimony of Clark and his witness, Lawrence Macaluso, and that of Baach. Both Clark and Macaluso testified that debris had fallen off Baach's pick-up truck onto Clark's lane of travel, causing him to hit the material, then run into the rear of Baach's vehicle. Whether the debris negligently fell off Baach's pick-up truck is vital to the just resolution of the issue of liability.
Clark testified that at a distance of approximately 8 to 10 standard car lengths he observed the Baach vehicle. After gaining on the Baach vehicle, Clark attempted to change lanes to left-hand or inside lane of travel, but was unable to do so because of other cars blocking his ingress. At that time, Clark hit debris which was strewn in the road. Clark testified that after hitting this debris, his immediate response was to hit his brakes. As a result of hitting the debris and immediately applying his brakes, the accident occurred. Where did this debris come from?
In support of Clark's testimony, Lawrence Macaluso, who was standing at a convenience store and able to observe the accident, testified that he heard a noise of an object fall from the truck. The object struck the following truck who hit his brakes and slid into the first truck. He also testified that debris was strewn up and down the highway for about 75 yards. Macaluso did state that although he did not see the objects fall out of the Baach truck, from his viewpoint, he did hear these objects fall and he saw Clark's truck strike the debris and run into the rear of Baach's truck.
The trial court's finding that the sole and proximate cause of the accident was the negligent operation of Baach's vehicle is supported by the testimony regarding the objects which fell from the unsecured load which was being carried in the open bed of Baach's pick-up truck. Even though Baach attempted to suggest that debris did not fall from his pick-up truck, we agree with the trial court that the testimony of Clark and Lawrence Macaluso *517 supports the reasonable factual inference that the material did indeed fall from Baach's vehicle.
Glenn Clark, the driver of the following vehicle was issued a traffic citation because of rear ending Reinhard Baach. However, it is well established under Louisiana law, the violation of a traffic ordinance is negligence per se; but this presumption is rebuttable. For such negligence to bar recovery, it must have been a proximate cause of the resulting collision. Therefore, when a rear end collision occurs, the driver of the following vehicle is generally presumed to be negligent. He will only be exonerated where he can reasonably explain the cause of his running into the vehicle ahead. Thames v. Zerangue, 401 So.2d 648 (La.App. 3rd Cir.1981).
In Laird v. State Farm Insurance Co., 290 So.2d 343, at 346 (La.App. 4th Cir.1974) the Fourth Circuit clearly stated the above legal principle as follows:
"In accordance with the method outlined in Pierre v. All-State Insurance Co. 257 La. 471, 242 So.2d 821 (La.1970) we determine legal cause by first determining whether the act complained of was a substantial factor in causing the accident, then by determining what duty was imposed and whether the risk created by a breach of that duty was one for which the statute intended to offer protection and finally by determining whether there was a breach of that duty.
"Every act leading up to an accident is not a cause-in-fact; to be deemed a legal cause, the act must be a substantial factor without which the accident would not have occurred."
In other words, if the collision would have occurred irrespective of Baach's fault, that is negligence; then it was not a cause-in-fact of the injuries sustained by Clark.
Before we apply the foregoing methodology of the "duty-risk" analysis to the facts at hand, we must first look to these pertinent provisions of Louisiana's Highway Regulatory Act which provides:
"Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply.
(1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." LSA-R.S. 32:79.
A. "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." LSA-R.S. 32:81.
Additionally, under the traffic laws of Louisiana, a motorist is required to maintain reasonable vigilance or to see that which he should have seen and to exercise reasonable care under the circumstances.
It is firmly established that the operator of a following vehicle is required to keep his car under control, to observe closely a forward vehicle, and to follow at a safe distance. As mentioned earlier, if a rear end collision occurs, the following motorist is presumed negligent. In order for the following motorist who collides with a preceding vehicle to exculpate himself, he must show that he closely observed the forward vehicle, that he followed at a safe distance under the circumstances, or that the driver of the lead vehicle negligently created a hazard which the following vehicle could not reasonably avoid.
In light of the foregoing, we must review the determinations of causation on the facts as presented in this litigation.
The trial court judge found that Glenn Clark was not negligent and in no way contributed to the accident, but that the sole and proximate cause of the accident was the negligent operation of the Baach vehicle. From the testimony illicited at trial, the trial court judge found Clark free from fault in all of the following: in following too close; in failing to maintain proper vigilance; in traveling too fast under the *518 circumstances; and in not seeing what he should have seen under the circumstances.
It would appear from the testimony and the preponderance of the evidence that Clark had used due diligence in the operation of his vehicle. Appellate Courts must give weight to the conclusions reached by the trier of fact, and where there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on appeal, absent clear error. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978) and Perniciaro v. Brinch, 384 So.2d 392 (La.1980).
In the subject case, the trial judge accepted the version of the facts attested to by Clark and his witness. We find no clear error in the trial court's acceptance of Clark's version of the facts and its conclusion that he was not negligent.
With regard to the second issue raised on appeal, Baach asserts that the trial court erred in applying the Sudden Emergency Doctrine in absolving Clark of liability. According to the doctrine, one who finds himself in imminent danger, without sufficient time to weigh and consider all of the circumstances or means of avoiding danger, is not guilty of negligence if he fails to choose what subsequently appears to be the better method. Kahoe v. State Farm Mutual Automobile Insurance Company, 349 So.2d 1345 (La.App. 1st Cir.1977). Mr. Baach contends that the debris in the road; whether from his truck or not, did not create an emergency of a magnitude sufficient to warrant the application of the doctrine, and that the trial court erred in relying on it.
We need not consider whether the debris on the highway created such an emergency. After careful review of the record, we find that the trial court gave no indication that it relied on this doctrine in absolving Clark from fault. Furthermore, the application of the doctrine is not necessary to conclude that Clark was free from negligence.
Our review of the record convinces us that the trial court's determination was based on its acceptance of Clark's and his witness's version of the facts, and not on an application of the Sudden Emergency Doctrine.
For the foregoing reasons, the judgment of the district court is affirmed.
AFFIRMED.