480 So.2d 487 (1985)
Gina JACKSON and Errol Jackson
v.
Hazel Rhea HURST and Government Employees Insurance Company.
No. 85-CA-447.
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1985.
Wayne M. Le Blanc, Metairie, for plaintiffs, appellants.
Greg S. Abramson, Friend, Wilson, Spedale & Draper, New Orleans, for defendants, appellees.
Before CHEHARDY, KLIEBERT and BOWES, JJ.
BOWES, Judge.
Plaintiffs, Gina and Errol Jackson, filed suit seeking damages for the alleged miscarriage of a five-month old fetus following an automobile accident between their vehicle and an automobile being operated by defendant Hazel Rhea Hurst. The case was tried to a jury of twelve who returned a verdict in favor of the defendant. From that verdict, which was made the judgment of the court, plaintiffs perfected this appeal.
On April 5, 1983, plaintiff, Gina Jackson, was a guest passenger in a 1977 Ford pick-up truck being operated by her husband. As plaintiffs were about to enter the Harvey Tunnel, on the Westbank Expressway, a vehicle operated by Hazel Hurst attempted to change lanes. In moving from the left hand lane into the right hand lane, Mrs. Hurst's automobile's front bumper contacted the front bumper of plaintiffs' truck. Immediately upon contact, Mrs. Hurst returned to the left lane of traffic. The Jackson truck impacted the curb on the right hand side of the roadway but was able to continue thru the tunnel without further incident. On the west side of the tunnel, both drivers stopped their vehicles, inspected for damage, and, upon finding only minor marring, the parties decided not to call the police, but to content themselves with exchanging personal and insurance coverage information. Neither the drivers of the vehicles nor their passengers complained of any injury at this time.
Gina Jackson claims she was four months pregnant at the time of the accident (April 5, 1983) and that, when the vehicles came together, she was thrown forward, striking her abdomen on the dashboard. It is her contention that this purported blow to the abdomen caused her to miscarry on May 6, 1983, thirty-one days later.
The case turns on the conflicting opinions given by the two expert medical witnesses who testified at the trial: Dr. William Scheppegrell, Gina Jackson's personal physician, and Dr. Vincent A. Culotta, Jr., *488 who was called as an expert in the field of obstetrics and gynecology by the defense.
In Dr. Scheppegrell's opinion, Mrs. Jackson was pregnant at the time of the accident and the accident was the direct cause of her spontaneous abortion some time later. The doctor stuck by this opinion even though it was brought out on cross-examination that upon his examination of the appellant, after her accident, he found no bruises, lacerations, or any other visible signs of injury; and that a pregnancy test administered to plaintiff on April 20, 1983 proved to be "inconclusive."
Dr. Culotta, on the other hand, opined that Gina Jackson was not pregnant at the time of her accident, and, even if she was pregnant, the injury which she allegedly sustained was of insufficient magnitude to cause a miscarriage. This opinion was bolstered by the fact that in Dr. Sheppegrell's examination no physical signs of injury were observed.
This court, as a reviewing court, must give great weight to the factual findings and conclusions of the trier of fact, the jury, and where there is conflict in the testimony, the reasonable evaluations of credibility and the reasonable inferences of fact reached by a judge or jury shall not be disturbed. This rule must be followed even though the appellate court may feel that its own evaluations and inferences are just as (or more) reasonable. Baach v. Clark, 442 So.2d 514 (La.App. 5th Cir.1983) Writ Denied 447 So.2d 1067; Doss v. Hartford Fire Ins. Co., 448 So.2d 813 (La.App. 2nd Cir. 1984) Writ Denied 450 So.2d 359; Thomas v. Missouri-Pacific R. Co., 451 So.2d 1152 (La.App. 3rd Cir.1984); Canter v. Koehring, 283 So.2d 716 (La.1973).
Our review of the record reveals that there was a reasonable factual basis for the jury's findings and convinces us that those findings are not manifestly erroneous.
Accordingly, for the reasons stated above, we affirm the judgment of the trial court. Appellants are to bear the costs of this appeal.
AFFIRMED.