BOWES, Judge.
Defendant/appellant, Old Hickory Casualty Insurance Company (hereinafter Old Hickory), appeals a judgment awarding the plaintiff/appellee, Herbert Gibson, Ten Thousand ($10,000) Dollars, the limits of the uninsured motorist coverage policy at issue. The appellee also answered the appeal requesting this court to award penalties and attorney’s fees against the appellant. We affirm the judgment in all respects.
Herbert Gibson is the father of the late Daniel Gibson, who died due to injuries he sustained in a pedestrian/automobile accident on February 1, 1985. Old Hickory provided Mr. Herbert Gibson with a policy of insurance including underinsured/unin-sured motorist coverage. Dixie Insurance Company, the insurer of the driver of the automobile involved in the accident, settled with the decedent’s parents prior to trial.
By agreement between the parties and the district court, the matter was submitted based upon a written stipulation of facts and the deposition of Herbert Gibson.
Listed below is the Stipulation of Facts provided to the trial court by the parties:
NOW COME, Herbert Gibson and Old Hickory Casualty Insurance Company, through undersigned counsel, who provide the following stipulation of facts for use at the trial on the merits in this matter:
1. Daniel Gibson was struck by an automobile on Fourth Street in Marrero, Jefferson Parish, Louisiana at approximately 7:25 p.m. on February 1, 1985. This accident occurred approximately 75 feet from the intersection of Fourth Street and Saddler Road.
*637 2. Daniel Gibson died on February 15, 1985, as a result of injuries sustained in the automobile accident of February 1, 1985.
3. The vehicle which struck Daniel Gibson was operated by Randy Cedatol. The Cedatol vehicle was insured by Dixie Insumce [sic] Company. Dixie Insurance Company paid its full policy limit of $10,000.00 in connection with claims arising from the death of Daniel Gibson. Five Thousand ($5,000.00) Dollars of the payment was received by Herbert Gibson, as his share of the policy proceeds.
4. Old Hickory Casualty Insurance Company provided a policy of insurance to Herbert Gibson providing uninsured motorist coverage in the amount of $10,-000.00 per person. A copy of that policy is attached to this stipulation.
5. The attached document is a true, correct and genuine copy of the police report prepared in connection with the accident involving Daniel Gibson. The parties stipulate and agree to the introduction of the police report in lieu of the live testimony of Deputy Steven DeDual, and stipulate that were Officer DeDual [sic] appear and testify, he would testify substantially as set forth in his report.
Appellants present only one assignment of error:
The trial court erred in finding fault when there was no evidence of liability on the part of the alleged tort feasor.
Appellee answered the appeal and presented one assignment of error:
The trial court erred in failing to award penalties and attorney’s fees against the uninsured motorist carrier.

Appellant’s Assignment of Error

Appellant argues that the plaintiff had the burden of proving every element of his case by a preponderance of the evidence and in this case. It contends that because the plaintiff failed to prove the driver was in any way negligent, the trial court erred in finding the parties equally at fault.
The appropriate standard of review for an appellate court in a factual situation such as we have here is that a finding of fact by the trial court should be upheld unless it is clearly wrong or manifestly erroneous. Watson v. State Farm Fire and Cos. Ins. Co., 469 So.2d 967 (La.1985). In that same case, the Louisiana Supreme Court set forth guidelines to be applied to the lower courts in apportioning fault. The court, citing Uniform Comparative Fault Act Sec. 2(b) (as revised in 1979) held:
In determining the percentages of fault, the trier of fact shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between the conduct and the damages claimed.
The Louisiana Supreme Court expanded on this principle and wrote:
In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. And, of course, as evidenced by concepts such as last clear chance, the relationship between the fault/negligence conduct and the harm to the plaintiff are considerations in determining the relative fault of the parties.
There was no live testimony presented in this case, only the deposition of Herbert Gibson, the plaintiff, the stipulation of the parties and the attachments, including the police report. However, the Supreme Court has made it clear that the manifest error standard applies even when the evidence consists solely of written documents and depositions. Virgil v. American Guarantee and Liability Insurance Co., 507 So.2d 825 (La.1987).
The police report indicated that the driver was “inattentive or distracted”, that the decedent “had been drinking”, the road *638 surface was a wet blacktop and that it was raining.
We are aware of the duty placed on pedestrians and that of drivers of automobiles. A pedestrian has a duty to keep a proper lookout for approaching traffic. Thissel v. Commercial Union Ins. Co., 476 So.2d 851 (La.App. 2 Cir.1985) writs denied 479 So.2d 361 and 366 (La.1985). It is also well established that a driver of an automobile is under a never ceasing duty to maintain a proper lookout and see what should be seen and to exercise reasonable care under the circumstances. Baach v. Clark, 442 So.2d 514 (La. 5 Cir.1983) writ denied 447 So.2d 1067 (La.1984); Ponder v. Groendyke Transport, Inc., 454 So.2d 823 (La.App. 3 Cir.1984) writs denied 457 So.2d 1195 and 1198 (La.1984). Of no less importance to our consideration is the landmark Supreme Court case of Turner v. New Orleans Public Service Inc., 476 So.2d 800 (La.1985) which explained Baumgartner v. State Farm Mutual Automobile Insurance Company, 356 So.2d 400 (La.1978). The effect of these two important decisions is that in comparison of fault in auto-pedestrian accidents, a far greater duty and responsibility to avoid the accident is placed upon the motorist, who is “insulated” inside his machine and has the greater chance of avoiding the accident, than on the pedestrian.
In the instant case, the evidence revealed that the decedent had been drinking for several hours prior to the accident. He ran into the night wearing dark clothing and attempted to cross a major traffic artery while it was raining. The pavement was wet due to the rain and the decedent should have realized his danger and that it is more difficult to stop a vehicle on wet streets and conducted himself accordingly.
On the other hand, the driver of the automobile was driving at a speed below the posted speed limit on a lighted street. We note, however, that because of the rain, he should have been even more attentive. The decedent had already crossed one lane of traffic prior to being hit by the car, which should have given the driver adequate time to see him prior to the impact. Yet by his own admission, according to the police report, he did not see the pedestrian until he was five feet away (just before the collision).
Whereas we might have found slightly different percentages of comparative fault, under the facts of this case, we cannot say that the conclusion of the learned trial judge was manifestly erroneous.
ANSWER TO APPEAL
In the answer to appeal, the appel-lees argue the trial court should have awarded penalties and attorney’s fees because the insurer was arbitrary and capricious in failing to make payment on a claim in which satisfactory proof of loss had been furnished. We do not find this to be so. Since the trial court found the parties equally at fault, there was certainly a question as to the requirements of any payment under the policy. Refusal to award penalties and attorney’s fees was justified. The refusal to pay by the insurer was based on substantial issues and was neither arbitrary nor capricious. The trial court did not err in failing to award penalties and attorney’s fees.
Accordingly, the judgment of the trial court is affirmed in all respects. Because of the appeal and the answer to the appeal, all costs of this appeal are to be shared equally between the parties.
AFFIRMED.