I, JONES, Judge.
Plaintiff/App ellant, Melissa Marcelle appeals the trial court’s judgment in this personal injury cause of action. Plaintiff, Wayne Colon, was granted an appeal but failed to file a brief, thus Wayne Colon’s appeal is deemed abandoned. We affirm the trial court’s judgment.
Approximately 5:30 a.m. on January 23, 1983, appellant, Melissa Marcelle, was the *430 guest passenger in a ear driven by plaintiff Wayne Colon, which was travelling west on Interstate 10. The plaintiffs alleged that the vehicle that they were travelling in was rear-ended shortly before the Louisa Street exit by a vehicle driven by defendant Feltus Sterling and owned by defendant Budget-Rent-a-Car. Mr. Colon attempted to leave the scene of the accident, allegedly to transport Ms. Marcelle to a hospital. However, Mr. Colon’s vehicle was disabled from the accident. He flagged down a passerby who took Ms. Marcelle to Methodist Hospital. Mr. Colon returned to the scene of the accident. Both Mr. Colon and Ms. Marcelle were injured in the accident and were treated at Methodist Hospital.
RMr. Colon and Ms. Marcelle sued Mr. Sterling and Budget-Rent-a-Car. The initial trial of October 24, 1989 resulted in a mistrial. This matter was retried before a jury on February 24-28, 1992. The jury found that Wayne Colon was the sole and proximate cause of the accident and awarded plaintiff $2,000.00. The trial court made the jury’s verdict the judgment of the court. The trial court allowed the plaintiffs to submit briefs in support of their motion for judgment notwithstanding the verdict and motion for new trial as to damages awarded Ms. Marcelle. After due consideration the trial court denied plaintiffs’ motion finding no abuse of the jury’s discretion.
On appeal Ms. Marcelle raises three assignments of error, namely: 1) that the jury erred in finding plaintiff, Wayne Colon, 100% liable for causing the accident; 2) that trial court erred by failing to instruct the jury that defendants bore the burden of proving that they were not negligent in a rear-end collision; and 3) that the jury abused its discretion in awarding Ms. Marcelle only $2,000.00 for her injuries.
Liability
Ms. Marcelle argues that the jury erred in finding that Wayne Colon and not defendants were at fault in causing the accident in the instant case.
Wayne Colon and Feltus Sterling gave competing renditions of how the accident happened. Mr. Colon’s rendition at trial was inconsistent with prior statements made at the initial trial of this matter and in deposition. Specifically, Mr. Colon stated that he reduced his speed while travelling because a phantom vehicle cut in front of him. At first he admitted to travelling in the far right lane but later changed his statement to say he was travelling in the center lane. At trial he justified this inconsistency by explaining that he regarded the right lane as an emergency entrance/exit lane. RHe also was inconsistent regarding his speed of travel. Initially he testified that he slowed down to 10-15 miles per hour. Plaintiff’s expert in accident reconstruction, Lt. Sunseri, relied on this testimony in rendering his opinion that the Colon vehicle was not swerving in front of the Sterling vehicle at the time of impact. Later Mr. Colon clarified that he was actually travelling 15-25 miles per hour.
Mr. Sterling’s statement, on the other hand, was precise and consistent. Furthermore, it was consistent with the police report. According to Mr. Sterling, Mr. Colon was travelling below the minimum speed limit in the far right lane when he unexpectedly swerved in front of the Sterling vehicle which was travelling in the center lane.
Lt. Sunseri was unable to reconstruct this accident. His testimony was supportive of Mr. Colon in that he explained that the damage Mr. Colon’s vehicle sustained was not consistent with Mr. Colon swerving to the left or changing lanes at the time of impact. However, Lt. Sunseri could not rule out the possibility that the car had completed the lane change or was straddling the lane at the time of impact. Based on the evidence the jury was not clearly wrong in its determination that Mr. Colon was at fault.
Jury Charge
Ms. Marcelle argues that the trial court erred in failing to clarify that defendants bore the burden of proving that they were not negligent in a rear-end collision. The relevant portion of the jury charge reads as follows:
... If you the jury conclude that there was a rear-end collision on January 23, 1983, between the vehicle driven by Feltus Sterling and the vehicle in which Melissa Ann Marcelle was a guest passenger, and *431 that the accident was caused by “another” or “phantom” vehicle, then I will instruct you that the law of the state of Louisiana which applies to the facts of this case concerns the possible violation of a statute.
^Generally, all drivers of automobiles have a duty to look and observe, which never ceases; that which they can see, they must see and in legal contemplation, they do see; failure to see what they could have seen by exercise of due diligence does not absolve them from liability.
The law imposes a duty on following motorists to keep their vehicles under control and to observe and follow a leading vehicle at a safe distance.
Applying the principles governing reasonable conduct, you the jury must decide whether Feltus Sterling acted properly under the circumstances.
LSA-R.S. 32:81(A) prescribes the proper conduct for a following driver:
The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.
This statute has been interpreted to create a rebuttable presumption that a following motorist who strikes a preceding motorist from the rear has breached the standard of care the statute prescribes. In order to exculpate himself from liability, the following motorist must show that he kept his vehicle under control, closely observed the forward vehicle, following at a safe distance under the circumstances, or that the driver of the lead vehicle negligently created a hazard which the following vehicle could not reasonably avoid.
Because the court concluded by saying that Mr. Sterling must exculpate himself from liability the court made it clear that Mr. Sterling did bear the burden of proof if they determined that a rear-end collision occurred. Ms. Marcelle insists that the charge was improper because reference to the rebut-table presumption occurred but once and was buried amongst other references to Ms. Mar-eelle’s burden to prove the elements of her cause of action, Mr. Colon’s potential negligence and comparative fault. We do not find that this was improper where competing evidence was presented on how the accident occurred. The trial court was obliged to instruct the jury on the law as it pertained to this cause of action and to each defendant driver.
^Furthermore, a driver changing lanes must exercise a greater degree of care. Averna v. Industrial Fabrication, 562 So.2d 1157, 1161 (La.App. 4th Cir.1990). The jury’s verdict was rendered pursuant to special interrogatories. By special interrogatory # 1 the jury found that there was no phantom vehicle. By special interrogatory # 4 the jury specifically found that defendant Feltus Sterling was free from fault in causing this accident. The jury’s answers to the interrogatories indicate that the jury concluded that Mr. Colon was changing lanes and failed to exercise adequate care. Based on the evidence the jury was not clearly wrong in its determination.
QUANTUM
Ms. Marcelle argues that the jury abused its discretion by awarding appellant only $2,000.00 in damages.
Immediately after the accident in 1983 Ms. Marcelle saw doctors who did not diagnose brain injury as a result of the accident. Ms. Marcelle did not seek treatment again until 1989. At that time her treating physicians diagnosed brain injury. As a result of this inconsistent evidence of brain injury the jury concluded that Ms. Marcelle’s brain injury was not related to the accident.
There was an intervening accident in 1989. Ms. Marcelle was driving her husband’s Corvette on the interstate in a rainstorm when she hit a construction barrel and lost control of the vehicle. She sustained no injury. She was only shook up. There was a prior accident in 1982. Both Ms. Mareelle’s treating physician who testified on her behalf, Dr. Katz, a psychiatrist, and Dr. Salcedo, a psychologist, testified that Ms. Marcelle was probably the victim of second injury syndrome. Second injury syndrome is the cumulative effect of two injuries in the same location. Both doctors’ testimony support a *432 theory that Ms. Marcelle’s second accident resulted in brain damage because of the | (¡cumulative effect of minor head injuries. After consideration of Ms. Marcelle’s motions for JNOV and alternatively for new trial, the trial court discounted Dr. Katz’s testimony as “speculative at best.”
Ms. Marcelle’s treating physicians offered objective proof of a brain injury, specifically an MRI. Dr. Kewalramani, an expert in physical medicine and rehabilitation, who saw Ms. Marcelle immediately following the 1983 accident, diagnosed Ms. Marcelle with post-concussion syndrome. She returned for only one follow-up visit. His treatment was primarily for neck and back pain. He testified that he found no evidence of brain injury at that time. Dr. Kewalramani reviewed the 1989 MRI of Ms. Marcelle and insisted that it revealed more than what he observed in 1983.
Dr. Mitchell, a psychiatrist, saw Ms. Mar-celle in October after the 1983 accident. She was being treated by Dr. Kewalramani for neck and back pain at the time. Dr. Mitchell wanted to exclude organic brain injury before psychiatric treatment but Ms. Marcelle would not submit to a CAT scan. MRIs were not available at that time. He then treated her with anti-depressants.
There is ample testimony that subsequent to the accident Ms. Marcelle was very neglectful and uncooperative in seeking or continuing medical treatment. Defendants offered evidence that between 1984 and 1989 Ms. Marcelle was treated twelve times in the emergency rooms of Methodist Hospital, Jo Ellen Smith Hospital, and East Jefferson Hospital for headaches, abdominal pains, nausea, chills and fever. The reports of these emergency room visits reveal a pattern of alcohol use in combination with prescription drugs; some not prescribed by her physician. Defendants’ expert, Dr. Roniger, a psychiatrist who saw Ms. Marcelle on two occasions, opined that substance abuse was probably the source of Ms. Marcelle’s problems.
^According to Dr. Salcedo, other potential sources for Ms. Marcelle’s brain damage are a stroke or chronic alcoholism in combination with substance abuse. Dr. Katz admitted that the 1989 MRI revealed a small infarct (stroke) but said that it was possibly post-traumatic. Dr. Katz clarified that he diagnosed this infarct in addition to diffuse ax-onal injury or brain damage resulting from the head injury. Dr. Salcedo testified that the allegations of substance abuse presented at trial did not amount to the level necessary to account for the type of brain damage Ms. Marcelle had sustained. Ms. Marcelle had numerous inconsistencies in her statements to various doctors concerning her work history, what injuries she sustained and what doctors she saw. This along with the potential of other origins for her brain injury possibly accounts for the jury’s verdict. We do not find that the jury abused its discretion in finding that Ms. Marcelle could not recover for her brain injury in the instant case. The jury made a credibility determination and where there was conflicting testimony we defer to the fact-finder.
For the foregoing reasons, the trial court’s judgment is affirmed.

AFFIRMED.