| /WICKER, Judge,
dissenting with written reasons.
I respectfully dissent.
While a pedestrian has a duty to keep a proper lookout for approaching traffic, a driver of an automobile is under a never-ceasing duty to maintain a proper lookout and see what should be seen and to exercise reasonable care under the circumstances. Gibson v. Dixie Ins. Co., 542 So.2d 635, 638 (La.App. 5 Cir.1989). “[Ejvery driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary_” La.R.S. 32:214. All drivers have a never-ceasing duty to look and observe; that which they can see, they must see; failure to see what they could have seen by exercise of due diligence does not absolve them from liability. Colon v. Budget Rent-A-Car, 92-2437 (La.App. 4 Cir. 12/15/94); 648 So.2d 429, 431.
In comparison of fault in automobile-pedestrian accidents, a far greater duty and responsibility to avoid the accident is placed upon the motorist who is “insulated” inside his machine and has the greater chance of avoiding the accident than on the pedestrian. Id., citing Turner v. New Orleans Public Service, Inc., 476 So.2d 800 (La.1985), and Baumgartner v. State Farm Mut. Auto. Ins. Co., 356 So.2d 400 (La.1978).
The plaintiff and his coworker, Mark Roberts, both testified they saw a white pickup truck coming up McReine Road from River Road toward Airline Highway. They also testified that their Kentwood Water delivery truck was parked along McReine Road in front of Shannon’s Body Shop. Defendant, however, not only failed to see the plaintiff, but also failed to see the Kentwood truck or the approaching pickup truck. In my view that demonstrates that defendant was not paying proper attention to the conditions existing at the time. She breached her duty to maintain a proper lookout.
|2The evidence establishes that both plaintiff and defendant failed to see what they should have seen. The trial court was clearly wrong in finding only the plaintiff at fault.
*355 Between the two parties, however, the plaintiff had the best chance of avoiding the accident. He was aware of the dangers of crossing the roadway and he looked both ways before crossing. He saw the pickup track approaching from River Road, but he failed to see defendant’s ear coming in the other direction. When he reached the roadway and heard Riley’s car approaching, he was moving too fast to stop in time to avoid the accident. There are no extenuating circumstances that justify his jogging rather than walking into the road.
Accordingly, I would amend the judgment to find Riley partly at fault and would assess plaintiff’s comparative fault at eighty percent (80%) to reduce his recovery proportionately.