| PICKETT, Judge.
In this matter, the defendants, Jeffery B. Jeansonne. and his automobile insurer, Safeway Insurance Company (Safeway), appeal the trial court’s decision finding Mr. Jeansonne 50% at fault in an automobile-pedestrian accident which resulted in the death of Amy Fowler and injured Roxanna Matthews. For the following reasons, we reverse the trial court’s decision.
FACTS
This disastrous event began with three youths, Amy Fowler, age 13, Roxanna Matthews, age 12; and Angela Parker, age 13; walking somewhat abreast on the eastbound lane of La. Hwy. 1200 in rural Rap-ides Parish. On that evening of January 19, 1996, Amy was walking near the cen-terline, Roxana was in the middle of the lane and Angela was near the unimproved shoulder. Immediately prior to the accident two cars approached the three girls from the east in the westbound lane with | ¡¿heir low beams illuminated. The drivers of these two vehicles saw the youths and swerved to the right and sounded their horns. Simultaneously, Mr. Jeansonne approached behind the girls from the west at forty-five miles per hour in the same eastbound lane as the girls. Mr. Jeansonne was not aware of the three pedestrians until the oncoming vehicles passed. He then applied his brakes, leaving a ninety-seven foot skid mark. Roxanna was not aware of the impending accident until she felt a rush of air from the vehicle which pushed her to the right shoulder, which resulted in her injuries. Amy, unfortunately, who did not move, died from the collision.
Roxanna’s mother, Elva L. Johnson, sued Mr. Jeansonne and Safeway. A bench trial was held on September 11, 1997, after which the trial court apportioned fault 50% to Roxanna Matthews and 50% to Jeffery B. Jeansonne. The defendants maintain the trial court erred in apportioning fault to Mr. Jeansonne.
*33 FACTUAL DETERMINATION
The Louisiana Supreme Court has pronounced the standard of review of factual determinations by appellate courts in Stobart v. State Through Department of Transportation and Development, 617 So.2d 880, 882 (La.1993) (citations omitted).
... [A] court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” .... a reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court’s finding. The reviewing court must review the record in its entirety to determine whether the trial court’s finding was clearly wrong or manifestly erroneous.
Nevertheless, the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. However, where documents or objective evidence so contradict the witness’s story, or the story itself is so Isinternally inconsistent or implausible on its face, that a reasonable factfinder would not credit the witness’s story, the court of appeal may find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. Nonetheless, this court has emphasized that “the reviewing court must always keep in mind that ‘if the trial court or jury’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.’ ”
Both of the parties involved in this accident owe a duty of care. See Uriegas v. Gainsco, 94-1400 (La.App. 3 Cir. 9/13/95); 663 So.2d 162, unit denied, 95-2485 (La.12/15/95); 664 So.2d 458. In a similar case, the fifth circuit spelled out the duties of the respective parties.
We are aware of the duty placed on pedestrians and that of drivers of automobiles. A pedestrian has a duty to keep a proper lookout for approaching traffic. Thissel v. Commercial Union Ins. Co., 476 So.2d 851 (La.App. 2 Cir. 1985) writs denied 479 So.2d 361 and 366 (La.1985). It is also well established that a driver of an automobile is under a never ceasing duty to maintain a proper lookout and see what should be seen and to exercise reasonable care under the circumstances. Baach v. Clark, 442 So.2d 514 (La.[App.] 5 Cir.1983) writ denied 447 So.2d 1067 (La.1984); Ponder v. Groendyke Transport, Inc., 454 So.2d 823 (La.App. 3 Cir.1984) writs denied 457 So.2d 1195 and 1198 (La.1984).... [Comparison of fault in auto-pedestrian accidents, a far greater duty and responsibility to avoid the accident is placed upon the motorist, who is “insulated” inside his machine and has the greater chance of avoiding the accident, than on the pedestrian.
Gibson v. Dixie Ins. Co., 542 So.2d 635, 638 (La.App. 5 Cir.1989).
In the instant case, the evidence revealed that Roxanna, along with the other two, were walking down the middle of an unlit highway with their backs to any traffic in their lane. There is no doubt the teenage pedestrians breached their duty of care, and, in fact, the plaintiff has admitted a breach of duty. La.R.S. 32:216(B) codifies this duty which ostensibly was intended by the legislature to prevent the very harm which occurred that night. La.R.S. 32:216(B) states: “Where sidewalks are not provided, any pedestrian walking along and upon a highway shall, when practicable,__ywalk only on the left side of the highway or its shoulder, facing traffic *34 which may approach from the opposite direction.” From the evidence adduced at trial, the facts show the actions of the pedestrians to be the sole proximate cause of this accident. Walking in the middle of a rural, unlit highway with their backs towards traffic was the only act of negligence shown at trial.
Mr. Jeansonne was driving at a speed below the posted speed limit with his low-beam headlights illuminated to accommodate the oncoming vehicles. As previously noted, this was an unlit highway. The defendant testified that he did not see the three youths until the two oncoming vehicles had passed. At that time, he slammed on his brakes, leaving skid marks to the point of impact. The record is void of any evidence showing that Mr. Jeansonne was negligent. In finding Mr. Jeansonne negligent, the trial court relied heavily on the testimony of the drivers of the two vehicles coming from the opposite direction who observed the teenagers and took evasive action. However, the witnesses’ perspective of the girls from the other lane is different than that of the defendant who approached the pedestrians from behind in his lane of travel with two vehicles’ headlights oncoming. There was no evidence offered to show Mr. Jeansonne should have or could have seen the youths sooner. There was no evidence offered to show how Mr. Jeansonne was negligent in the actions he took or what action he could have taken to avoid hitting these children. There was no evidence offered to show whether it was physically possible for him to have stopped sooner. The plaintiff simply failed to prove negligence on Mr. Jean-sonne’s part.
In a factually similar case, Brown v. LeBeau, 250 So.2d 568 (La.App. 1 Cir. 1971), that court held, as in the present case, that the pedestrian walking on the paved Isportion of the highway with his back to oncoming traffic was the proximate cause of the accident which La.R.S. 32:216 was intended to prevent.
From a review of testimony and evidence, the judgment of the trial court finding Mr. Jeansonne 50% at fault is not supported by the record. Therefore, the judgment of the trial court is manifestly erroneous.
For these reasons, the judgment of the trial court in favor of the plaintiff is reversed and judgment is hereby entered in favor of Jeffery B. Jeansonne and Safeway Insurance Company. Costs of this appeal are assessed against the plaintiff-appellee.
REVERSED AND RENDERED.