|,MARION F. EDWARDS, Judge.
Appellant Ray McDonald appeals a judgment of the 24th Judicial District Court dismissing his action for damages which he sustained as the result of an automobile collision with defendant Paula Hollingsworth. For the reasons herein, we set aside the judgment of the trial court and render judgment on the record.
Mr. McDonald filed suit against Ms. Hollingsworth and her insurer, Nobel Insurance Company, alleging that as he backed out of a parking lot onto Claire Street in Gretna, Ms. Hollingsworth suddenly backed her vehicle across two lanes of Claire Street, striking the rear end of Mr. McDonald’s car. McDonald claimed property damage to his 1998 Ford Contour.
At trial, the parties stipulated that the property damage estimate on McDonald’s car was $691.78, and that the claim for a replacement rental car was $125.00. They further stipulated that Hollingsworth was insured by Nobel.
Hollingsworth testified’that on the day of the accident, she had been | .¡shopping at a mini-market located on Claire Street, next door to the laundromat which McDonald was patronizing. Claire is a two-lane street, with one lane running in each direction, and she was parked across the street from the store. She had to back out into traffic coming from Gretna Boulevard and into the opposite lane. When she saw McDonald’s vehicle, it was not moving. *410 She backed up, crossed the first lane of traffic and entered the second. Her truck was fully out of the parking lot and she was completely in the roadway. She prepared to move forward and put her vehicle in first, when she was hit on the back right-hand corner by McDonald. She did not notice the other vehicle until it hit her. The parties exchanged relevant information, but the police were not called. There was some damage to the tail light of her truck as well as to the bumper.
Mr. McDonald testified that as he left the laundromat, he checked for oncoming traffic and then put his car into reverse, starting to back out. As he looked to his right, he felt an impact. He saw the Holl-ingsworth truck pulling back into the parking lot across the street. Prior to the collision, he did not see any oncoming traffic. The left rear bumper and tail light of his car were damaged. Hollingsworth moved her truck immediately after the accident. About one-fifth of his vehicle was in the roadway when the collision occurred.
After taking the case under advisement, the trial court granted judgment in favor of Ms. Hollingsworth, finding only that McDonald failed to prove his case by a preponderance of evidence.
In La.C.C. Art. 2323, the Legislature has made it mandatory to determine the percentage of fault of all persons contributing to an injury, whether those persons are unidentified non-parties, statutorily immune employers, or others. Both McDonald and Hollingsworth had a duty, under LSA R.S. 32:58, to operate [4their vehicles in a careful and prudent manner so as not to endanger life or property. Here, it is uncontested that the accident occurred, and in the absence of the possible fault of a third party, either McDonald, Hollingsworth, or both, breached the duty and were negligent in failing to prevent the collision. We are unable to construe the determination of the trial court as a finding that McDonald was 100% liable. Rather, in the present case, the court was obliged to specifically determine fault percentages of the parties, and failure to do so constitutes legal error requiring our de novo review on appeal.[1]
La.R.S. 32:281(A) provides that “[t]he driver of a vehicle shall not back the same unless such movement can be made with reasonable safety and without interfering with other traffic.” The driver of a backing vehicle has a high duty of care to determine whether it can be done safely.[2] In addition, under LSA R.S. 32.T24, the driver of a vehicle about to enter or cross a highway from a private road or building, shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard. A high degree of care is imposed upon the driver of an automobile entering a public highway from a private drive, particularly when the vehicle is backing onto the highway, or, as in this case, a street.[3]
If a motorist fails to see what he should have seen, the law charges him with having seen what he should have seen, and the court examines his Issubsequent conduct on the premise that *411 he did see what he should have seen.[4] Both Hollingsworth and McDonald were required to use great care in backing out of the respective driveways onto Claire Street, and look out for approaching vehicles. In the present case, however, Holl-ingsworth was not only backing out, but was crossing her immediate lane of traffic, changing lanes, to the opposite side of the street. LSA-R.S. 32:79(1), relative to driving on roadways with marked lanes for traffic, provides in pertinent part, as follows:
A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.
A driver changing lanes must exercise a great degree of care.[5] Because Ms. Hollingsworth was attempting to back across two lanes of the street, with the lanes going in opposite directions, she was obliged to proceed with the greater care. From the record before us on appeal, we conclude that McDonald was 30% at fault, and that Hollingsworth was 70% at fault for the accident.
The parties stipulated to the amount of damages, in the total amount of $816.78.
For the foregoing reasons, the judgment of the trial court is set aside and judgment is rendered in favor of McDonald in the amount of $572.38, plus interest and court costs. Hollingsworth is charged with all costs of this appeal.
JUDGEMENT SET ASIDE; RENDERED.

. Anderson v. May 01-1031 (La.App. 5th Cir.2/13/02), 812 So.2d 81, and the cases cited therein.

. Francis v. Commercial Union Ins. Co. 594 So.2d 1025, 1026 (La.App. 3rd Cir.1992); Harrison v. Richardson 35,512 (La.App. 2nd Cir. 1/23/02), 806 So.2d 954. See also Chatelain v. Circle K Corp., 94-0227 (La.App. 4th Cir. 10/13/94), 644 So.2d 1079.

. Travelers Ins. Co. v. Harris, 294 So.2d 588, (La.App. 4 Cir.1974). See also Schackai v. Tenneco Oil Co., (La.App. 4th Cir.1983), 436 So.2d 729, writ denied 440 So.2d 759.

. Fernandez v. General Motors Corp., 491 So.2d 633, 636 (La.1986).

. Colon v. Budget Rent-A-Car, 92-2437 (La.App. 4th Cir. 12/15/94), 648 So.2d 429, 431.